Juanita Lee ROOK, Plaintiff-Respondent,

v.

**JOHN F. OLIVER TRUCKING COMPANY, etc., Defendant-Appellant.**

**No. 35196.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 11, 1973.

Motion for Rehearing or Transfer Denied
Jan. 11, 1974.

Application to Transfer Denied
March 11, 1974.

John L. Woodward, Steelville, for plaintiff-respondent.

Routh & Turley, Rolla, for defendant-appellant.

SIMEONE, Presiding Judge.

This is an appeal by the defendant-appellant, John F. Oliver Trucking Company (hereinafter Oliver) from an order of the Circuit Court of Gasconade County entered November 6, 1972 overruling Oliver's motion to set aside a judgment which was entered by default on August 7, 1972 in favor of the plaintiff-respondent Juanita Lee Rook in the amount of $4,770.00.

The facts precipitating this controversy originated on December 11, 1971 in Hermann, Missouri. On that date Mrs. Rook parked her automobile on an incline on a street in that city. On the opposite side of the street a truck owned by Oliver Co. and operated by its employee "rolled down this incline, across the road and hit my [Mrs. Rook's] car broadside. . . ." Fortunately, neither vehicle was occupied at the time of impact. As a result of the impact, Mrs. Rook's vehicle was damaged and "rendered inoperable" for some period of time. Mrs. Rook contacted Oliver concerning the damages. Eventually, on February 15, 1972, the vehicle was taken to a garage in Rolla for repairs at the request of the defendant and was not returned to Mrs. Rook until August 5, 1972.

This action was commenced February 7, 1972. The plaintiff alleged that the truck of the defendant ran into the side of her vehicle damaging it in the amount of $1,800.00. She further alleged that she had been deprived of the use and benefit of her vehicle in the sum of $500.00. She prayed damages in the sum of $2,300.00 together with interest from December 11,

1971 and for costs of storage at the rate of $2.00 per day and for a reasonable sum for attorneys' fees and costs. On the following day defendant was served with summons and petition by service on John F. Oliver, owner.

On June 5, 1972, she filed an amended petition stating the same allegations of negligence and alleged that she suffered $2,000.00 for loss of use of the vehicle, $1,500.00 for the diminished market value, and prayed, therefore, for $3,500.00 together with interest of $1,500.00 at six percent from December 11, 1971, for a reasonable attorneys' fee, and costs of the action.

At a hearing held before the court on August 7, 1972, Mrs. Rook testified that the reasonable market rental value of a vehicle was ten to fifteen dollars per day plus mileage, and she claimed that she was damaged in this regard in an amount of $2,370.00. Her testimony also indicated at the hearing that the automobile was valued at $3,900.00 before the damage and $2,400.-00 after the damage. She also requested attorneys' fees in the amount of $900.00. After hearing testimony from Mrs. Rook, the defendant Oliver, not being present in person or represented by counsel, but in default, the court entered judgment on August 7, in the sum of "$3,870.00 [$2,370.00 for the loss of use and $1,500.00 for actual damage] and plaintiff's attorney fee in the amount of $900.00, a total of $4,770.00, and the cost of this action."

On October 31, 1972 Oliver filed a motion to set aside judgment for the reasons that the judgment was void because the prayer contained in the amended petition was $3,500.00 together with interest on $1,500.00 from December 11, 1971, that the judgment allowing attorneys' fees was not recoverable in a tort action, that the defendant had a good and valid defense, and fraud.

Later, on November 13, 1972, the court overruled the motion, and thereafter Oliver filed its motion to amend judgment or in the alternative a motion for new trial, and

as one of the grounds therefor urged that the judgment was other or greater than that which the plaintiff demanded in the petition. No action was taken on this motion and in due time Oliver appealed to this court.

A supplemental transcript was filed showing that service was obtained upon the defendant—Oliver on February 8, 1972 by delivering a copy of the petition and summons on John F. Oliver, owner of Oliver Trucking Company.

The appellant—Oliver contends on appeal that the trial court erred in overruling the motion to set aside judgment because: (1) the motion follows the statutory procedure, Rule 74.17, V.A.M.R., and therefore the cause must be reopened and heard on the merits, (2) the petition and judgment are inconsistent, (3) the judgment includes attorneys' fees which are not allowable and (4) the judgment was other or greater than that demanded in the petition originally filed and served on the defendant—Oliver.

The respondent counters contending that the court did not err because (1) defendant was personally served and did not establish a valid excuse for default or a meritorious defense, (2) the pleading and judgment were consistent, and embraced within the issues, and (3) the court did not enter a judgment allowing attorneys' fees but nevertheless they were material to the amount of damages incurred. The respondent also contends that the trial court did not have jurisdiction to sustain Oliver's motion under Rule 75.01.

We are compelled to hold under the facts here that there was error in failing to sustain Oliver's motion to set aside the judgment. We therefore reverse and remand the cause for further proceedings.

Resolution of this proceeding requires an examination of the proper procedure to set aside a judgment rendered upon default. If a defendant fails to file a timely answer or other pleading, an interlocutory judg-

ment may be entered against him by default. Rule 74.045. Damages may then be assessed and final judgment given thereon. Rule 74.09. When a default judgment is rendered and the defendant seeks to reopen or set it aside, there are several avenues of review [1] including a petition for review [2] or a motion to set aside judgment.[3] When the defendant "shall neither have been summoned personally nor have appeared to the suit . . . such final judgment may be set aside, if the defendant shall, within [one year] appear, and, by petition for review, show good cause for setting aside such judgment." Rule 74.12, § 511.170. When the defendant has not been personally served or does not appear, the remedy to set aside the default judgment is by "petition for review under Rules 74.12–74.16 and §§ 511.170–511.200, RSMo., 1969, V.A. M.S.

This method is applicable to cases in which the defendant has not been personally served. Boggess v. Jordan, 283 S.W. 57, 59 (Mo.App.1926); Zbryk v. B. F. Goodrich Company, 344 S.W.2d 138, 140 (Mo. App.1961); Underwood v. Underwood, 463 S.W.2d 915, 917 (Mo.1971). In this case the record shows that personal service was made upon defendant, Oliver, and appellant filed its "Motion to Set Aside Judgment."

■ Another avenue of relief, when the defendant has been served is the motion to set aside judgment under Rule 74.32 and § 511.250. This remedy known at common law is the remedy to set aside a judgment within three years after its rendition when an irregularity is patent on the face of the record and does not depend upon proof of facts dehors the record. The irregularity need not be one which

would render the judgment absolutely void and therefore subject to collateral attack, but rather the irregularity is sufficient if there is " 'a want of adherence to some prescribed rule or mode of procedure, consisting either in omitting to do something that is necessary for the due and orderly conduct of the suit, or in doing it at an unreasonable time or in an improper manner.' " McDaniel v. Lovelace, 439 S.W.2d 906, 910 (Mo.1969) quoting from Wooten v. Friedberg, 355 Mo. 756, 198 S.W.2d at 1 (1946). See also Comment, Procedure—Setting Aside Final Judgments in Missouri, 28 Mo.L.Rev. 281, 284 (1963). This procedure has been held applicable in the case of a judgment greater than that prayed for. Boggess v. Jordan, *supra*. In that case, plaintiff appealed from a judgment of the circuit court sustaining a motion to set aside a default judgment when the judgment exceeded the prayer. The Kansas City Court of Appeals (now Kansas City District) held that a default judgment for an amount larger than prayed for shows an error apparent on the face of the record and comes within the statutory provision for setting aside a judgment.

■ The cause was apparently heard upon the first amended petition which prayed for $3,500.00 ($2,000.00 for loss of use and $1,500.00 for diminished market value), interest on $1,500.00 and attorneys' fees and costs. At the hearing Mrs. Rook claimed that she was damaged in the amount of $2,370.00 for loss of use, and requested attorneys' fees in the amount of $900.00. The court awarded a judgment of $4,770.00 ($2,370.00 plus $1,500.00 plus $900.00).

It is evident that the judgment entered exceeded the prayer. Rule 74.11. Respon-

---

1. See Diekmann v. Associates Discount Corporation, 410 S.W.2d 695, 700 (Mo.App. 1966).

2. Rules 74.12–74.16, §§ 511.170–511.200, RSMo., 1969, V.A.M.S. Rule 74.15 sets forth what the petition for review must contain.

3. Rule 74.32 reads: "Judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the rendition thereof."

dent, however, contends that the damages at the time suit was filed were not ascertainable and were not fixed and that the damages therefore did not exceed the demanded because no specific amount was prayed for, and relies upon Rule 74.11 which provides that the court may grant relief consistent with the case and embraced within the issues. The thrust of that rule, which authorizes relief to be granted as may be embraced within the issues and consistent with the case is, however, not applicable to a situation where a default judgment has been entered. La Presto v. La Presto, 308 S.W.2d 724, 727 (Mo.1958); Boggess v. Jordan, *supra*, and therefore the pleadings and the judgment were inconsistent. There is good reason for the rule that a judgment by default should not exceed the prayer. A defendant may desire to let judgment go by default when he is aware of the limit on the amount of damages claimed in the prayer, but would not be so desirous if he could be subjected to a judgment in a sum exceeding the amount of relief prayed for.

■ The motion to set aside should also have been sustained because the court had no jurisdiction to award attorneys' fees in this type of proceeding. Unlike the English courts, attorneys' fees in this state are ordinarily " 'recoverable only when called for by contract or provided by statute, or as an item of damage when their incurrence involves the wronged party in collateral litigation, or occasionally, when a court of equity finds it necessary to adjudge them in order to balance benefits.' " Arnold v. Edelman, 392 S.W.2d 231, 239 (Mo.1965), quoting from Duncan v. Townsend, 325 S.W.2d 67, 71 (Mo.App.1959); Edwards v. Smith, 322 S.W.2d 770, 777 (Mo.1959); Watkins v. West, 297 S.W.2d 568 (Mo.App.1957); 22 Am.Jur.2d, Damages, § 165.

Respondent relies on Allstate Insurance Co. v. Hartford Accident & Ind. Co., 311 S.W.2d 41, 48 (Mo.App.1958) for the award of attorneys' fees as proper damages since it is said that such fees can be awarded when "necessary to protect a wronged party from the injurious effect of the acts of a wrongdoer. . . ." Allstate, *supra*, 311 S.W.2d at 48. Mrs. Rook argues that the evidence establishes that she employed counsel at the insistence of defendant and thereby incurred additional damages, and hence she should be entitled to attorneys' fees because this is an exception to the general rule in not awarding attorneys' fees.

■ We cannot extend the language employed in *Allstate* to this situation. Attorneys' fees are not generally recoverable in tort actions. The language in *Allstate* is a rephrasing of the general principle that such damage may be awarded "when their incurrence involves the wronged party in collateral litigation."

■ The judgment awarded "$3,870.00 and *plaintiff's attorney fee in the amount of $900.00,* a total of $4,770.00 and the cost of this action." (Emphasis added.) The awarding of such fees in this case constituted an irregularity patent on the face of the record, and thus it was error not to sustain the motion to set aside the judgment on this ground also.

■ Respondent also contends that under Rule 75.01 the court had no jurisdiction to set aside the judgment, since it was entered on August 7, 1972 and Oliver's motion to set aside judgment was not filed until October 31, 1972. Rule 75.01 provides in part that "the trial court retains control over judgments during the 30 day period after entry of judgment and may vacate, reopen, correct, amend or modify its judgment for good cause within that time." But Rule 74.32 governs the situation here. Rule 74.32 sets the time limit

on such a motion following the rendition of judgment. Under that rule the court may set aside the judgment during a period of three years following its rendition. Cf. Ruckman v. Ruckman, 337 S.W.2d 100 (Mo. App.1960) and Comment, Procedure—Setting Aside Final Judgments in Missouri, *supra* at 286–90 and n. 38 at 287 (1963).

In view of the fact that we find that the motion to set aside the judgment should have been sustained, we are compelled to remand the cause for further proceedings. And in view of the defendant's attack on the judgment, as briefed and argued on appeal, that the petition and judgment were inconsistent and the judgment was other or greater than that which plaintiff demanded—all going to the question of the amount of damages, we rule that the court should set aside the judgment and provide the plaintiff with one of two options: (1) upon setting aside the judgment as entered, enter a new judgment in the amount of $2,000.00 representing the aggregate of the diminution of the market value of the vehicle proved at the hearing ($1,500.00) and the loss of use proved, but not exceeding the amount prayed for in the original petition ($500.00). Since plaintiff did not prove at the hearing the amount of damages for storage in the amount of $2.-00 per day, although prayed for in the original petition, plaintiff is not entitled to that amount. Nor is plaintiff entitled to attorneys' fees for the reasons before stated, or (2) permit plaintiff to proceed, and the defendant to plead and defend, on an amended petition as to all issues—liability and damages.

The order of the circuit court overruling the motion to set aside the judgment is reversed and the cause remanded for further proceedings.

WEIER and KELLY, JJ., concur.