**HUB STATE BANK, Appellant,**

v.

**John WYATT and Patricia Wyatt, Respondents.**

**No. WD 30697.**

Missouri Court of Appeals,
Western District.

Oct. 29, 1979.

Carl E. Laurent, Independence, for appellant.

Robert L. Shirkey, Kansas City, for respondents.

Before SHANGLER, P. J., and SWOF-FORD and CLARK, JJ.

SHANGLER, Presiding Judge.

This appeal is by the Hub State Bank from an order to set aside a default judgment against the wife Wyatt taken on a promissory note against both Wyatts, husband and wife.

The subject matter of the litigation, the promissory note, was executed by the husband and ostensibly by the wife. The signature of the wife was for an unlimited guaranty of the obligation. The note was not paid as due and the Bank sued for collection. The petition went without answer and in July, 1977, a judgment by default was entered against the Wyatts. No appeal was taken.

In December, 1978, some seventeen months after judgment, the wife Wyatt brought a motion directly in that proceeding to vacate and set aside the default as to herself on the ground that the accommodation signature on the promissory note guaranty was only a simulation and not truly hers.

At the trial, the wife gave evidence that she did not sign the note, received none of the proceeds of the loan, and was unaware of the transaction until her earnings were garnished on execution of the judgment.

The husband gave evidence that he forged the signature of the wife on the loan document and then accepted service of summons and suit papers on her behalf as well as his own, but without disclosure to her. On this proof, the court vacated the default judgment against wife Wyatt.

The Hub Bank contends that the judgment against the Wyatts, final and without appeal, was beyond the power of a court to alter or vacate. As a matter of practice, a court lacks authority to disturb a final judgment after the lapse of thirty days from rendition, other than as invested by statute or common law procedures. The petition for review [Rules 74.05 et seq.] allows a final default judgment to be set aside for good cause within three years after rendition by a *defendant not personally summoned to the action.* The nunc pro tunc common law remedy allows a court to continue jurisdiction to correct its record any time after rendition of judgment, but *relates only to a misprision of the clerk* and not of the court. [See cases cited: Comment, Procedure—Setting Aside Final Judgments in Missouri, 28 Mo.L.Rev. 281, 282 (1963)]. Another common law remedy, codified by statute and promulgated by Rule 74.32, allows a judgment to be set aside after rendition *for irregularity on the face of the record or proceedings. Casper v. Lee,* 362 Mo. 927, 245 S.W.2d 132, 136[3–8] (banc 1952). The common law writ of error coram nobis corrects an error of fact, *extrinsic to the merits* of the adjudication but related to jurisdiction, and unknown to the court at rendition of judgment. *Edson v. Fahy,* 330 S.W.2d 854, 858[2] (Mo.1960). Also, equity will relieve against a judgment for accident and mistake or *fraud in the procurement.* [*Fadler v. Gabbert,* 333 Mo. 851, 63 S.W.2d 121, 129[12] (1933)] but only on further proof that the movant was prevented thereby from a meritorious defense. *Patterson v. Fitzgibbon Discount Corp.,* 339 S.W.2d 301, 306[4–7] (Mo.App.1960).

It is at once evident that the cause of action undertaken by the proof invokes neither Rule 74.05 [since substitute *personal*

**374**

service was presumptively made upon wife Wyatt by service upon the husband [Rule 54.13]], nor correction of a record by an order nunc pro tunc, nor—since, on the face, service of summons and the other proceedings were formally correct—a petition for review of judgment for irregularity [Rule 74.32].

Hub State Bank contends that the order to vacate the judgment on the promissory note as to wife Wyatt was in the nature of a writ of error coram nobis, an improvident remedy because there was no proof that the original judgment rested on an error of fact, extrinsic to the merits, which resulted in a failure of jurisdiction. We are not ready to agree that the ostensible correctness of a return which shows substituted personal service upon a defendant by suit papers left at the dwelling house with a person of the family over the age of fifteen years [Rule 54.13(a)(1)] may not be impugned *as a matter of fact* by evidence that the family member [also a defendant in the suit] not only fabricated the obligation upon which suit proceeds but also never intended to apprise the person summoned of the pendency of the action. In such case, the contrivance by a defendant not to notify the codefendant co-obligor overcomes as a matter of fact the legal presumption of notice Rule 54.13(a)(1) imports. See, for instance, *State ex rel. Hudson v. Heinrich*, 14 Mo.App. 146 (1883); *Craig v. Smith*, 65 Mo. 536 (1877). In such case, also, the error affects a fact which, if known to the court of rendition, would have deprived the tribu-

nal of the power to bind the defendant to a valid personal judgment. *Edson v. Fahy*, supra, l. c. 858; *Cross v. Gould*, 131 Mo.App. 585, 110 S.W. 672, 676 (1908).

The order of the trial court to set aside the judgment for Hub State Bank on the promissory note as against the wife Wyatt, however, rests on a different ground: that the evidence proved her equity to be relieved from a fraud in the inception of the judgment. The evidence was clear and convincing that the pendency of the suit was concealed from wife Wyatt by her codefendant husband and that this trumpery prevented her from assertion of the defense [admitted by the husband] that her signature to the promissory obligation was a forgery. *Fadler v. Gabbert*, l. c. 129, supra; *Jones v. Arnold*, 359 Mo. 161, 221 S.W.2d 187, 192[6–8] (1949). A judgment procured by a fraud to trick an adversary out of a defense or conceal the pendency of an action will be relieved by equity. *J. R. Watkins Company v. Hubbard*, 343 S.W.2d 189, 192 (Mo.App.1961).

The judgment is affirmed.

All concur.