**Gloria Jean GREEN, Respondent,**

v.

**Cary Wilson GREEN, Appellant.**

No. 42529.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 29, 1981.

Doris Gregory Black, St. Louis, for appellant.

Jess W. Ullom, Clayton, for respondent.

SATZ, Presiding Judge.

In this action, the husband appeals from a decree of dissolution upon default. We reverse and remand that part of the decree distributing the marital property and affirm the decree in all other respects.

Initially, the husband complains the default judgment is defective because of alleged procedural improprieties. This complaint is not cognizable in this appeal. The husband took a direct appeal from the default judgment. He did not file a post-trial motion to set aside the judgment because of alleged procedural improprieties. Thus, the trial court was never afforded the opportunity to act on the husband's procedural complaints and, insofar as these complaints are concerned, we have no act of the trial court to review.

The husband next complains there was insufficient evidence to make an equitable distribution of the marital property. We agree.

The husband and wife were married for 14 years. They had three children who, at the time of trial, were 7, 8 and 13 years old. The parties' assets were the family home and furnishings, bank accounts, a 1973 Toyota Corolla, a 1978 Oldsmobile station wagon and a Honda 750 motorcycle. According to the wife, the husband worked for McDonnell-Douglas for 16 years and was "involved in both a pension plan and a profit-sharing plan." Both parties were working at the time of trial. The wife's salary was $119 net per week and the husband's salary was about $245 net per week. The family home, purchased at $26,500, had increased in value by $3,000–$4,000 during the marriage.

Aside from the estimated increase in value of the family home, there was no evidence of the value of the parties' assets.[1] Also, there was no evidence defining the nature or kind of the plans as McDonnell–Douglas nor was there any evidence of the husband's interest in these plans. Based upon this record, the trial court found all the assets to be marital property, awarded the wife the family home and furnishings, the bank accounts and the Toyota Corolla and awarded the husband the Oldsmobile station wagon, the Honda motorcycle and all interest in the pension and profit-sharing plans.

Section 452.330 RSMo 1978 requires the trial court to make a just division of marital property. This statutory obligation is not dependent upon whether the dissolution is contested, uncontested, or as in this case, by default. *Schulz v. Schulz*, 612 S.W.2d 380, 382 (Mo.App.1980). Obviously, a division of marital property must be preceded by a finding of those assets which constitute

---

1. We are aware of Rule 68.4 of the 21st Judicial Circuit which requires parties to a dissolution proceeding to file "Income and Expense Statements" and "Financial Statements." Appar-

ently, these statements of the wife were not made a part of the record, and, if they were, that part of the record is not before us.

marital property. It is equally obvious that a just division of marital property must be preceded by a finding of the value of the assets which constitute the property. These findings could not have been made on the present record.

The court found the husband's pension and profit-sharing plans to be marital property. However, there is no evidence the rights to benefits under these plans were acquired during the marriage and were vested at the time of divorce. *Kuchta v. Kuchta,* Sup.Ct.No. 62439, Sept. 8, 1981.[2] The wife's testimony that the husband "was involved in both a pension and profit-sharing plan at McDonnell-Douglas" was not sufficient to establish the nature of the plans nor the value of the husband's present interest, if any, in the plans. *See Delay v. Delay,* 612 S.W.2d 391, 391–92 (Mo.App. 1981). In the absence of such evidence, the trial court erred in distributing the husband's interest in the plans as marital property. *See, e. g., In re Marriage of Faulkner,* 582 S.W.2d 292, 296 (Mo.App.1979).

In addition, the record reveals no evidence of the value of the other assets other than the wife's estimated value of the appreciation of the family home. Without evidence of the value of these assets, we cannot determine whether the present division was just. *See Merritt v. Merritt,* 616 S.W.2d 585, 587 (Mo.App.1981); *cf. Hopkins v. Hopkins,* 597 S.W.2d 702, 709 (Mo.App. 1979).

The husband next attacks the child support award of $150 per month per child. Basically, he complains there was no evidence of the children's needs. Admittedly, there was no evidence of the financial needs of the children. However, it is the husband's burden to demonstrate the children's needs are less than that awarded by the court. He has failed to meet this burden.

In awarding child support, the court was required to consider the father's primary responsibility for the support of his children, the financial resources of the child and of the custodial parent as well as the standard of living the child would have enjoyed had the marriage not been dissolved. The court was also required to consider the financial resources and needs of the non-custodial parent. § 452.340 RSMo 1978. The present record, although sparse, does permit the court to apply these factors sensibly.

The record indicates the wife's sole source of income was her salary of $119 net per week. She testified her monthly expenses were $900. The husband's salary was about $245 net per week. There is no evidence the children had independent sources of income. The parties' standard of living can be inferred from their joint income and accumulated assets even in the absence of evidence of the precise value of those assets. This is a sparse record. However, with a similarly sparse record before it, this Court has held the lack of detailed evidence of the financial needs of the children is not, in and of itself, fatally defective to a child support award. *Suesserman v. Suesserman,* 539 S.W.2d 741, 743 (Mo.App.1977). We see no need to challenge that holding here. Using the language and reasoning of *Suesserman,* "[i]n this inflated economy we cannot say it is an abuse of discretion to award" $150 per month per child "for the provision of necessary food, clothing, shelter, medical and dental costs and incidental expenses for" three children "of the ages shown, even without detailed evidence of actual outlays for these various items." *Id.* at 743.

The husband also contends the trial court's award of $300 in attorney's fees was an abuse of discretion because the wife did not present any evidence of her inability to pay her attorney nor did she present any evidence of the reasonable value of services rendered by her attorney. This contention has no merit.

The wife was not required to establish need as a prerequisite to the award of at-

---

2. In this latest pronouncement on pension or profit-sharing plans, the court indicates a pension or profit-sharing plan is marital property if the right to the benefits was earned during the marriage and the right is not contingent or subject to divestment.

torney's fees. § 452.355 RSMo 1978 requires the court to consider financial resources of the parties in ordering payment of attorney's fees. However, "the key word here is 'consider.' Under [the] statute, the need of the party is but one factor to consider in awarding attorney's fees. Such fees may be granted even when need is not established." *Beckman v. Beckman*, 545 S.W.2d 300, 302 (Mo.App.1976).

Furthermore, the wife was not required to present evidence of the reasonable value of attorney's fees, even though it may have been the better practice to do so. The "courts are themselves experts on the question of attorney's fees and the judge who personally tries a case and is acquainted with all the issues involved is in a position to fix the amount of attorney's fees without the aid of evidence." *Jafarian-Kerman v. Jafarian-Kerman*, 424 S.W.2d 333, 340 (Mo. App.1967), *Hahn v. Hahn*, 569 S.W.2d 775 (Mo.App.1978). The award of attorney's fees is affirmed.

Judgment ordering distribution of marital property reversed and remanded. Judgment affirmed in all other respects.

SMITH and SIMON, JJ., concur.