536 F.Supp. 429 (1982)
PHIL CROWLEY STEEL CORPORATION, Plaintiff,
v.
SHARON STEEL CORPORATION and NVF Company, Defendants.
No. 80-692 C (3).
United States District Court, E. D. Missouri, E. D.
March 29, 1982.
*430 Alan C. Kohn, and Thomas J. Frawley, St. Louis, Mo., for plaintiff.
William G. Ohlhausen and John J. Moellering, St. Louis, Mo., for defendants.

MEMORANDUM AND ORDER
FILIPPINE, District Judge.
This matter is before the Court on defendants' motion to dismiss plaintiff's amendment by interlineation of its first amended complaint and to dismiss plaintiff's complaint. Both sides have filed memoranda in support of their respective positions.
This lawsuit arises out of various contracts between plaintiff and Macomber, Inc., entered into by the parties in 1973. In a prior action against Macomber, plaintiff recovered damages for breach of these contracts. Phil Crowley Steel Corp. v. Macomber, Inc., No. 77-347 C(1). The only count remaining in the present action alleges that Sharon Steel and NVF Company tortiously induced breach of the contracts between plaintiff and Macomber.[1] By leave of Court, plaintiff was allowed to amend its complaint to add a prayer for legal fees incurred in this action and for $120,000 in legal fees incurred in prosecuting the breach of contract action against Macomber. These are the only remaining items of actual damages sought by plaintiff in this *431 action.[2] Plaintiff seeks punitive damages in the amount of ten million dollars. Defendants contend that plaintiff cannot recover attorneys' fees as actual damages in this action and that because this is the only possibly cognizable item of actual damages in plaintiff's complaint, the cause must be dismissed.
Plaintiff, in this lawsuit, is seeking recovery for attorneys' fees incurred in prosecuting its prior breach of contract action against Macomber and attorneys' fees incurred in prosecuting this action. A distinction must be drawn between these two categories of attorneys' fees sought by plaintiff as actual damages here, because the law of Missouri permits the recovery of attorneys' fees only in limited circumstances. As stated by the Missouri Court of Appeals:
Unlike the English courts, attorneys' fees in this state are ordinarily "recoverable only when called for by contract or provided by statute; or as an item of damage when their incurrence involves the wronged party in collateral litigation, or occasionally, when a court of equity finds it necessary to adjudge them in order to balance benefits."
Rook v. John F. Oliver Trucking Co., 505 S.W.2d 157, 161 (Mo.App.1973) (citations omitted).
Because recovery of attorneys' fees incurred in this case is not called for by statute or contract, plaintiff's prayer for its legal fees in this matter must be dismissed. However, the prayer for attorneys' fees incurred in plaintiff's prior breach of contract action must be measured against the test set forth in Rook.
As set forth in Rook, the Missouri courts will allow the recovery of attorneys' fees as an element of actual damages when the fees are reasonable and necessarily incurred in collateral litigation that is the natural and proximate result of a wrong or breach of duty. See also Johnson v. Mercantile Trust Co. N.A., 510 S.W.2d 33, 40 (Mo.1974). Thus, where one tortiously induces another to breach a contract, it stands to reason that the harmed party may, in an action against the tortfeasor, recover attorneys' fees incurred in prosecuting an action for damages or specific performance against the breaching party.
However, attorneys' fees incurred in such situations are recoverable only when certain conditions are met. In Johnson the Missouri Supreme Court states that the fees must be "reasonable" and must be "necessarily and in good faith incurred" in collateral litigation. Id. In addition, it often has been stated that the collateral litigation must have been against a "third party," that is, against one other than the party from whom attorneys' fees are sought. Armstrong Const. Co. v. Thomson, 64 Wash.2d 191, 390 P.2d 976, 979 (1964); Haner v. Quincy Farm Chemicals, Inc., 29 Wash. App. 93, 627 P.2d 571, 577 (1981); Restatement (Second) of Torts § 914(2) (1977); 4 A.L.R.3d 270, 277 (§ 5) (1965); 22 Am. Jur.2d Damages § 166 n. 10 (1965). Although the Missouri courts have never made specific reference to the third party requirement, there are compelling reasons to believe that it serves as a prerequisite to recovery of attorneys' fees in Missouri, as it does in other states.
If the third party requirement were not the rule in Missouri, plaintiffs would be encouraged to split their causes of action; a plaintiff could sue a defendant or its privy in one action and then come back in a relatively uncomplicated secondary action to recover from the defendant the attorneys' fees which the plaintiff incurred in the principal action. This result would be intolerable for two reasons. First, judicial economy would hardly be served by encouraging plaintiffs to split single causes of action into two separate lawsuits. Second, permitting plaintiffs to bring a secondary action against a single defendant for attorneys' fees incurred in a previous action *432 would vitiate the rule that attorneys' fees are normally not recoverable in the United States. See 4 A.L.R.3d 270, 277 (§ 5) (1965). In short, attorneys' fees incurred in collateral litigation are recoverable only in limited circumstances; the restrictive nature of the rule necessarily requires that the action for attorneys' fees be against a third party.
Defendants point out that the third party requirement is not met in this case because defendants here, corporate parent and grandparent of Macomber, are not true third parties to the initial action between plaintiff and Macomber. The Court agrees that the privity which exists between Macomber and defendants here prevents plaintiff from recovering attorneys' fees in this action. Thus, plaintiff's prayer for attorneys' fees incurred in its prior lawsuit is not proper under Missouri law.
Plaintiff argues that even if its prayer for attorneys' fees is without basis it may still proceed in this action on its claim for punitive damages. However, in spite of the authorities presented by plaintiff, the Court cannot accept this argument. The law of Missouri recognizes a cause of action for tortious interference with contract if plaintiff can prove five elements: 1) the existence of a contract; 2) defendant's knowledge of the contract; 3) defendant's acts that caused or induced breach of the contract; 4) the absence of legal justification for defendant's acts; 5) actual damages. Juengel Const. Co., Inc. v. Mt. Etna, Inc., 622 S.W.2d 510, 515 (Mo.App.1981).[3] As noted earlier in this memorandum, plaintiff's prayer for actual damages for attorneys' fees cannot stand, and plaintiff is without a cognizable prayer for actual damages. Therefore, because plaintiff's claim does not contain all the elements of the cause of action for tortious interference with contract, no claim is stated upon which relief can be granted. For this reason, plaintiff's amended complaint must be dismissed.
In accordance with the foregoing,
IT IS HEREBY ORDERED that defendants' motion to dismiss be and is GRANTED.
IT IS FURTHER ORDERED that plaintiff's amended complaint, as amended by interlineation, be and is DISMISSED without prejudice at plaintiff's cost.
NOTES
[1] It should be noted here that Macomber is a wholly-owned subsidiary of Sharon Steel Corp. In turn, NVF Company owns 86% of Sharon Steel Corp.
[2] Plaintiff recovered the sum of $254,000 for damages occasioned by the breach in its prior action against Macomber.
[3] Plaintiff cites Juengel for the proposition that even if it is without a prayer for actual damages here, it may still recover punitive damages based on an award of nominal damages. However, plaintiff misconstrues the result in Juengel. In Juengel the court awarded plaintiff actual damages of $1.00. In this action plaintiff has no claim for actual damages. Thus Juengel is inapposite in this respect.