**Chang K. VONSMITH, Respondent,**

v.

**John M. VONSMITH, Appellant.**

**No. 45149.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 22, 1983.

Case Transferred to Supreme Court
Feb. 22, 1983.

Case Retransferred to Court of Appeals
March 8, 1984.

Original Opinion Reinstated
March 19, 1984.

Jane Hobbs, St. Louis, Mo., for respondent.

Anne-Marie Clarke, St. Louis, Mo., for appellant.

REINHARD, Judge.

This case comes to the writer on reassignment. Husband was personally served with summons and a petition for dissolution, but filed no responsive pleading. Subsequently, on October 14, 1981, a default judgment was entered against him. Husband neither filed a motion to set aside nor a motion to vacate the decree, but did file a notice of appeal on November 20, 1981.

This court was recently confronted with an appeal from a default judgment in a dissolution proceeding. In *Blackmore v. Blackmore*, 639 S.W.2d 268 (Mo.App.1982), we recognized the general rule that an appeal may not be taken from a default judgment.[1] Judge Snyder, speaking for the court, at pages 268–69, stated:

> There are few Missouri cases on the question of an appeal from a default judgment in the absence of a prior motion to set aside. The vast majority of cases which address the issue of whether a party can appeal a default judgment are concerned with appeals from an order of a trial court which either grants or denies a motion to set aside or vacate a default judgment. . . .
>
> Is a default judgment appealable in the absence of a motion to set aside or vacate the judgment? This court rules it is not and dismisses the appeal.

> . . . .

> An exception is made to the general rule where on appeal, the party against whom default was entered raises a question of subject matter jurisdiction or the sufficiency of the petition.

In the present case, husband was in de-

---

1. The rationale for the limitation on the right to appeal from a default judgment is that defendant, at his election, did not choose to appear in court and oppose petitioner's case. A defaulting party is not without redress however. While the trial court retains jurisdiction the defaulting party can file a motion to set aside the default judgment before it is final. Supreme Court Rules 75.01, 74.07. A denial of such motion is appealable and in dissolution cases strict rules pertaining to the setting aside of such judgments are less rigorously applied. *See Hinson v. Hinson*, 518 S.W.2d 330 (Mo.App.1975). After the judgment is final, various other avenues are available to a defaulting party. *See Rook v. John F. Oliver Trucking Co.*, 505 S.W.2d 157 (Mo.App.1973); Comment, "Procedure—Setting Aside Final Judgments in Missouri, 28 Mo.L. Rev. 281 (1963).

fault for failure to file an answer.[2] On appeal, husband raises six points which he contends entitle him to relief, but only one of these, Point V, concerns one of the exceptions noted in *Blackmore*, lack of subject matter jurisdiction.

■ Wife's petition requested that the parties' 1973 automobile be awarded to husband. The court, however, awarded it to the wife. Husband contends this was error. Supreme Court Rule 74.11 provides that relief in a default judgment cannot exceed that requested. As Judge Simeone stated in *Rook v. John F. Oliver Trucking Co.*, 505 S.W.2d 157, 161 (Mo.App.1973), "there is good reason for the rule that a judgment by default should not exceed the prayer. A defendant may desire to let judgment go by default when he is aware of the" prayer for relief, but would not be so desirous if he could be subjected to judgment in excess of the relief prayed for. This principle has been applied to the award of marital property in default dissolution proceedings. *Govero v. Govero*, 579 S.W.2d 152, 153–54 (Mo.App.1979).

■ We have concluded that the court lacked subject matter jurisdiction to award the automobile to wife, but we are without jurisdiction to entertain the remainder of husband's points on appeal. In *State ex rel. McManus v. Muench*, 217 Mo. 124, 117 S.W. 25, 29 (1909), the Supreme Court announced the rule in Missouri that subject matter jurisdiction, "of a concrete case in equity of law is only acquired by a court through pleadings filed, process issued or appearance entered, *and decrees entered within the lines of the issues framed by pleadings.*" (emphasis added). See *Weatherford v. Spiritual Christian Union Church*, 163 S.W.2d 916, 918 (Mo.1942);

*Charles v. White*, 214 Mo. 187, 112 S.W. 545, 549 (1908). A court is without subject matter jurisdiction to enter a decree which grants relief beyond that prayed for in the petition. *Weatherford v. Spiritual Christian Union Church*, 163 S.W.2d 916, 918 (Mo.1942).

Accordingly, the dissolution decree is modified to order the 1973 automobile set off to husband.[3] The remainder of the appeal, Points 1—IV and VI are dismissed.

CRANDALL, P.J., concurs.

CRIST, J., dissents in separate opinion.

CRIST, Judge, dissenting.

I disagree. The writer has a gargantuan task of trying to reconcile the views expressed by the majority, the principles espoused in *Blackmore v. Blackmore*, 639 S.W.2d 268 (Mo.App.1982), *Green v. Green*, 623 S.W.2d 265 (Mo.App.1981) and the views hereafter expressed by the writer. I find irreconcilable conflict.

Husband does not seek to set aside the judgment. There is no question of procedural irregularity, negligence, insufficiency of notice, mistake or irregularity of judgment. His appeal is from the judgment and not some motion attacking the judgment.

In *Blackmore*, the appellant waited more than a year and a half to attempt a late appeal—not within 30 days. The Missouri cases cited in *Blackmore* were of a vintage when a motion for new trial was required in a judge tried case. *Blackmore* may have been influenced by the multitude of cases following the rule a final judgment may be *set aside*, by motion, *for good cause* within three years after rendition?

---

2. The rule recognized in *Blackmore* applies in those cases in which defendant fails to file an answer. It does not apply to the so-called default judgment in which pleadings have been filed but ordered stricken or in which pleadings have been filed but a party fails to appear on the date set for trial. *See Metts v. Metts*, 625 S.W.2d 896 (Mo.App.1981); *Matter of Estate of Scholz*, 615 S.W.2d 459 (Mo.App.1981).

3. The relief here exceeded the prayer because wife requested the automobile be set off to husband. If the prayer in wife's petition had requested the marital property be divided without mention of the automobile or had the automobile been mentioned but not requested that it be assigned to husband, the award of the automobile to wife would not have exceeded the prayer. Under the dissolution act, this would have placed husband on notice that the automobile could have been awarded to wife.

Rule 74.05 et seq. *Hub State Bank v. Wyatt*, 589 S.W.2d 372 (Mo.App.1979). I must confess ignorance in my concurrence with *Blackmore* if it means a defendant in default cannot file a timely appeal without filing a motion when the timely appeal is from the judgment and not the overruling of a motion—a useless procedure.

But alas! The *Green* case still hangs in the balance. I disagree with *Green* in its indication that procedural deficiencies of a default judgment could not be the subject of an appeal for the stated reason the trial court must be able to correct trial errors. I believe this is a carry-back to the time when a motion for new trial was required in a judge tried case. While I would like a motion for new trial to be filed in all appealed judge tried cases, the Supreme Court has not chosen to so require.

I disagree with *Green*, and there is a conflict between *Green* and the majority opinion, in holding § 452.330, RSMo.1978, permits a direct appeal of a default judgment in a dissolution case with no delineation of the scope of review. I agree with the direct appeal aspect, but the appellate court should be limited in its review of a dissolution default judgment as in any other default judgment. Less evidence is required to sustain a default judgment.

Husband has admitted all facts well pleaded by wife. He has admitted as true the cause of action stated by wife. He does not admit unliquidated allegations. The default judgment must be consistent with the allegations of the petition, and may not be other or greater than that which wife demanded in her dissolution petition. *Matter of Estate of Scholz*, 615 S.W.2d 459 (Mo.App.1981).

This, then, is husband's direct appeal. His appeal should not be summarily dismissed. We must determine if there was an abuse of very, wide discretion in the terms of the default judgment—based upon due process and not fettered by § 452.330, RSMo.1978. The Dissolution Act was not intended to be an Act above all other legal concepts.

What is the work cut out for us? Husband charges the division of marital property, maintenance award and attorney fee award were not supported by the evidence.

Wife alleged the parties owned specific marital real estate and marital household goods and furnishings and asked that this property be awarded to her. The trial court awarded same to her. Under the pleadings, wife was entitled to have this property awarded to her. However, wife's petition did not ask for husband to pay the remaining mortgage on the marital real estate in the sum of $16,300.00. Yet, the trial court ordered husband to pay this mortgage. While this point in husband's brief is somewhat obscure, husband says the division was so unjust as to be an abuse of discretion in a default case. If this point were properly raised, it is appealable.

Wife's petition asks for their car to be awarded to husband. The trial court gave it to wife. This is an appealable issue.

Wife's petition asks for reasonable maintenance. The trial court awarded her $400.00 per month as and for maintenance. Had wife asked in her petition for $400.00 per month maintenance, husband would have been foreclosed from complaining on appeal. But there must be *some* evidence of reasonableness in the record when wife asks for a reasonable sum. Suppose, for example, the trial court had awarded wife $40,000.00 per month instead of $400.00 per month? Appealable? Yes!

Wife's petition asks for a reasonable attorney fee. The trial court awarded her $600.00. Again, had wife asked in her petition for an attorney fee of $600.00, husband would have been foreclosed on this issue on appeal. While little or no evidence is required for a trial court to award attorney fees, what if the trial court had awarded wife $60,000.00 in attorney fees? Appealable? Yes!

There is no rational, legal nor moral reason to deny a defendant the right to a timely appeal of a default judgment. I would allow husband's appeal within the parameters above stated.

ORDER

After reviewing the majority and dissenting opinions, we have jointly concluded that the issue of the limits of the right to appeal from a default judgment (in the absence of a motion to set aside) is of such general interest and importance that the case should be transferred to the Supreme Court. We hereby order this case transferred to the Supreme Court pursuant to Rule 83.02.

ORDER

DOWD, Chief Judge.

Upon remand from the Missouri Supreme Court, original opinion filed February 22, 1983 is ordered reinstated. Mandate ordered to issue.