**Peter SARANDOS, Respondent,**

v.

**Lydia GLAUERT, Appellant.**

**No. 47634.**

Missouri Court of Appeals,
Eastern District,
Division Six.

Oct. 30, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 5, 1984.

Application to Transfer Denied
Jan. 15, 1985.

Claude Hanks, St. Louis, for appellant.

John V. LaBarge, Jr., Kirkwood, for respondent.

CLEMENS, Senior Judge.

Partition suit. Plaintiff's petition claimed a ¾ interest in the real estate and alleged that defendant owned a ¼ interest. Defendant filed an answer. Defendant's counsel subsequently withdrew. New counsel entered the case, but later withdrew. Defendant failed to appear on the date the cause was set for trial and a default and inquiry was granted. On the day of the default hearing, counsel for plaintiff appeared and defendant appeared without counsel. The court received evidence. It found the parties were tenants in common with plaintiff owning a ¾ interest and defendant owning a ¼ interest in the property and entered an interlocutory decree in partition. A commissioner was appointed and a sale of the property was ordered.

On appeal, defendant is presently represented by counsel, and alleges that the court erred: 1) in not allowing her to be represented by counsel; 2) not allowing her a continuance; and 3) imposing unreasonable restrictions upon her during the course of the trial. She does not otherwise challenge the judgment.

We have examined the record. The trial court did not disallow defendant to be represented by counsel. No formal request was made for a continuance, and it appears that none was justified. Finally, the court did not impose unreasonable restrictions upon defendant during the course of the hearing. The decree is supported by the record. An extended opinion would have no precedential value. The judgment is affirmed in accordance with Rule 84.-16(b).

We note that in respondent's brief he again questions the appealability of this order, claiming this was a default judgment from which no appeal will lie in the absence of a motion to set aside. We believe the order denying a similar motion to dismiss

the appeal prior to submission amply resolves this issue: "Respondent's motion to dismiss the appeal in reliance upon *Vonsmith v. Vonsmith*, 666 S.W.2d 424 (Mo. banc 1984) is denied. This is not a "true default" in which a motion to set aside is a jurisdictional prerequisite to appeal. *See Vonsmith v. Vonsmith*, 666 S.W.2d 426, 428 (Mo.App.1984) (n. 2.) ...."

Affirmed.

REINHARD, C.J., and CRIST, J., concur.