**Leonard W. LEWIS and Jane P. Lewis, Appellants/Cross-Respondents,**

v.

**Virginia H. BARNETT, Respondent/Cross-Appellant.**

No. 48863.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 14, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 12, 1985.

Application to Transfer Denied
Sept. 10, 1985.

Joseph B. Dickerson, St. Louis, for appellants/cross-respondents.

James M. Daly, Franklin H. Albrecht, St. Louis, Robert H. Batts, Webster Groves, for respondent/cross-appellant.

CRIST, Judge.

Fraudulent land conveyance. Suit in equity.

Leonard and Jane Lewis (defendants, husband and wife) appeal the trial court's judgment awarding to Virginia H. Barnett (plaintiff) a judgment lien in the amount of $58,197.66 against the proceeds of the sale of real estate located at 33 North Maple Avenue, Webster Groves, Missouri, and awarding to plaintiff in addition $15,000.00 against the Lewis' in punitive damages in this suit to enforce a judgment lien against property fraudulently conveyed to hinder a creditor. We affirm and amend.

The complex history of this case is recounted, in part, in this court's prior opinion, *Matter of Estate of Scholz*, 615 S.W.2d 459 (Mo.App.1981). Plaintiff had a substantial uncollected judgment resulting from a 1966 divorce decree against William C. Barnett (son). She had been totally frustrated in any effort at collection for a number of years.

William C. Barnett's mother was the owner of real estate at 33 North Maple Avenue in Webster Groves, Missouri. Mother died on September 1, 1971 leaving son as her only heir at law. If she died intestate while owning real estate, the real estate would pass to son and would be subject to plaintiff's judgment lien.

A deed was recorded two days after mother's death purporting to transfer the Maple Avenue property to defendants Lewis. A will purporting to be that of mother was filed leaving her estate in a rather vague trust for the benefit of son's daughters. The validity of either of these documents would prevent the real estate from descending to son as heir. This would deprive plaintiff of any lien on the property.

The trial court found mother's signature on an instrument dated July 1, 1971, purporting to convey real estate to defendants was a forgery. Mother was mentally and physically incapable of executing the instrument at that time. The court found defendants acted in concert with son to cause the purported transfer of title fraud-ulently, without consideration and in an effort to defeat the judgment debt by son to plaintiff. The court determined the debt to be $58,197.66, principal and interest. Defendants took nothing under the deed recorded September 3, 1971.

The trial court further found mother's signature on the purported Last Will and Testament was also a forgery. Son was her only heir at law. The property at 33 North Maple was subject to any judgment lien against son at the time of mother's death.

The property in question was sold subsequently with an escrow agreement providing for the holding of the proceeds of the sale by Lawyers Title Insurance Company and the payout of such "proceeds in accordance with the final orders or settlement and determination in these proceedings." The court found plaintiff was entitled to assert her lien against the above real estate and against the proceeds and income therefrom. Accordingly, the trial court awarded plaintiff a judgment lien of $58,-197.66 against the proceeds of the sale of the property and $15,000.00 in punitive damages against defendants.

Defendants appeal the trial court's ruling in that: (1) the lien granted plaintiff was not requested in her pleadings. Moreover, as a judgment creditor of an heir but not of the grantor herself, plaintiff had no standing to challenge the deed of deceased grantor; (2) the fraudulent conveyance action is barred by the statute of limitations, V.A.M.S. §§ 516.010 and 516.120; (3) defendants were assessed punitive damages in the absence of any findings or entitlement to an actual damage award against them and with no showing of malice; and (4) the trial court erred in five of its findings of fact because plaintiff had no standing to challenge the deed and failed to meet the burden of proof required to set it aside.

Plaintiff files a cross-appeal seeking: (1) a personal judgment against defendants, jointly and severally, in the sum of $58,-197.66; and (2) a judgment for costs against defendants.

We address initially plaintiff's standing to challenge the deed. Under basic principles of property law as well as the plain language of Section 428.020, RSMo 1978, plaintiff has standing to assert her interest in the land in question.

■ Under the law of property transactions a forged deed transfers nothing and is absolutely void. *Cumberland Capital Corporation, Inc. v. Robinette,* 57 Ala. App. 697, 331 So.2d 709, 713 (1976); *Gross v. Watts,* 206 Mo. 373, 104 S.W. 30, 37 (Mo.1907). It has been established that the deed to the property was a forgery. *Matter of Estate of Scholz,* 615 S.W.2d 459, 462 (Mo.App.1981). Therefore, it transferred no interest to defendants. The property interest remained with mother, at her death it passed to son (heir at law), and plaintiff's judgment lien attached. Regarding her standing to attack the deed, plaintiff is not hindered by statutory interpretation of Section 428.020, RSMo 1978. A void deed may be collaterally attacked by anyone whose interest is adversely affected by it. *Gulf Land and Development Company v. McRaney,* 197 So.2d 212, 219–220 (Miss.1967).

In addition to the above rationale, plaintiff has standing under the plain language of the statute, itself. Section 428.020, RSMo 1978 states: "Every conveyance or assignment ... made or contrived with the intent to hinder, delay or defraud creditors of their lawful actions ... shall be from henceforth deemed and taken ... to be clearly and utterly void."

Son was a debtor. Plaintiff was his creditor. Son did by writing convey a property interest with the intent to hinder, delay or defraud his creditor. The conveyance was a forgery; the real property still belonged to mother. Yet, by illegal act son intended to defraud plaintiff of a property interest: his expectancy interest in mother's land. Plaintiff was a creditor of this interest. When mother died, land would be son's and plaintiff's lien would attach.

The statutory requirements are present: a conveyance was made with the intent to defraud a creditor. As creditor of son's property and expectancy interests in that property, plaintiff has standing under the statute to render void the fraudulent conveyance.

■ Finally, plaintiff should not be denied standing because equity seeks not to reward a wrongdoer. Denying plaintiff standing to contest the forged conveyance would reward wrongdoer son for his additional wrongful act. The situation can be viewed in two parts. If son actually owned the property and then fraudulently conveyed it, plaintiff would have standing under the statute to challenge the conveyance. In the instant case, however, son has committed a second and more heinous wrong: forging his ailing mother's name as grantor to convey, with the intent to defraud a creditor, property that would be his upon his mother's death. Defendants contend plaintiff has no standing to challenge the deed because she is not a creditor of mother, the grantor. Equity will not allow a second wrongful act (forgery) to shield the first (fraudulent conveyance to hinder a creditor) and deprive the injured party of a remedy. *In Re Estate of Laspy,* 409 S.W.2d 725, 727–30 (Mo.App.1966). Moreover, equity entertains jurisdiction to set aside a land conveyance to aid a party otherwise unable to obtain relief. *Kroenke v. Frederich,* 292 S.W. 34, 35 (Mo.1927).

■ Plaintiff has standing to assert the quasi-lien. The trial court correctly granted her a quasi-lien, consistent with the evidence, effective as between the parties on the proceeds of the sale of the property, in accordance with the escrow agreement entered into with Lawyers Title Insurance Company.

Defendants contend, point (2), any finding based on fraud is in error as barred by the statutes of limitations V.A.M.S., §§ 516.010 and 516.120(5) in that no appropriate cause of action was pleaded within the five or ten year time limits.

■ Plaintiff's first amended petition alleging fraud was filed on November 12, 1981, more than ten years after the pur-

ported deed was recorded. Plaintiff's original petition, however, was brought in the circuit court on December 2, 1971. This original petition alleged claims arising out of the purported transfer of real estate located at 33 North Maple Avenue, Webster Groves, Missouri. Specifically, it charged defendants gave no consideration to mother for the conveyance and that at the time defendants were acting as straw parties for son. *Matter of Scholz,* 615 S.W.2d 459, 460 (Mo.App.1981).

The claims in plaintiff's amended petition arise from the same transaction and conduct set forth in the original pleading. The amended petition relates back to the date of the original pleading. Missouri Supreme Court Rule 55.33(c); *Hawkins v. Hawkins,* 533 S.W.2d 634, 638 (Mo.App.1976); *Scott v. Gibbons,* 611 S.W.2d 387, 391–92 (Mo. App.1981). Defendants' point is overruled.

Defendants' point (3) regarding the propriety of a punitive damage award will be addressed in our discussion of plaintiff's cross-appeal, point (1). Defendants' challenge to five trial court findings, point (4), based on plaintiff's alleged lack of standing is moot. (See discussion of defendants' point (1).) Upon careful review of all material submitted, we affirm these findings. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

█ Plaintiff in her cross-appeal contends she is entitled to a personal judgment against defendants, jointly and severally, in the sum of $58,197.66. We agree.

The trial court, in awarding the quasi-lien, acknowledged the escrow agent and certain parties to the escrow agreement, as well as the fund itself, were not parties to this action. Therefore, the court had neither jurisdiction nor authority to enter a judgment against them.

Plaintiff in her first amended petition averred, "Defendants wrongfully, fraudulently, and for the purpose of injuring and defrauding Plaintiff caused the aforesaid real estate to be conveyed ... [and] acting in concert and in conspiracy to injure, wrong and defraud Plaintiff ... caused the

aforesaid real property to be transferred to Defendants ..." The trial court found defendants "acting in concert, caused the purported transfer of title to [property] fraudulently, without consideration and in an effort to defeat the judgment debt by William C. Barnett to Virginia H. Barnett."

Without jurisdiction over third parties, the quasi-lien awarded plaintiff may be an inadequate remedy. Merely setting aside the conveyance under Section 428.020, RSMo 1978 is ineffective to make plaintiff whole. Plaintiff's petition, the evidence and the court's findings support a money judgment against defendants. See *Estate of Stonecipher v. Estate of Butts,* 591 S.W.2d 806, 808 (Tex.1979); *Mills v. Murray,* 472 S.W.2d 6, 12–13 (Mo.App.1971).

█ The amount sought in actual damages, $58,197.66, repays the judgment debt, heretofore shielded by fraud, and avoids possible future litigation concerning enforceability of the quasi-lien in this 14-year long lawsuit. In addition, the evidence regarding defendants' participation in the fraudulent action supports the punitive damage assessment, the requirements of which are that defendants did a wrongful act intentionally and without just cause or excuse. *Smith v. Welch,* 611 S.W.2d 398, 404 (Mo.App.1981); see also, *Hart v. Midkiff,* 321 S.W.2d 500, 509 (Mo.1959).

Finally, plaintiff contends the trial court erred in failing to enter a judgment for costs against defendants Lewis based upon the evidence adduced and the judgment rendered. We agree. Section 514.060, RSMo 1978; Missouri Supreme Court Rule 77.01.

The judgment is affirmed and amended to include a personal judgment against defendants, jointly and severally, in the sum of $58,197.66 and judgment against defendants for costs.

DOWD, P.J., and CRANDALL, J., concur.