**In re The Marriage of Wallace Earl STUART, Jr., Appellant,**

v.

**Joan Evelyn STUART, Respondent.**

No. 43879.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 20, 1982.

Robert F. Summers, Clayton, for appellant.

Daniel O'Brien, St. Louis, for respondent.

CLEMENS, Senior Judge.

After two decades this tumultuous union was dissolved. The parties had agreed to and got dissolution, child custody and division of property.

Within weeks trouble erupted, spawning cross-motions for contempt. Father wanted mother cited for refusing child visitation and withholding his duly awarded personal property. She wanted him held in contempt for not paying child support and ransacking her home.

The trial court held two hearings on these issues, first as to property and later on the court's own motion concerning paternal visitation.

As to visitation the father first contends here that the trial court had no jurisdiction to modify child custody; this because there was neither pleading nor notice for a ruling on that issue. He relies on *Kipper v. Vokolek*, 546 S.W.2d 521 [10–14] (Mo.App.1977) holding notice is required for modification.

Courts have continuing jurisdiction over children of divorce. *Glaves v. Glaves*, 523 S.W.2d 169 [1] (Mo.App.1975). Here, the court did not rule on child custody without notice. By his motion to cite the mother for denying visitation the father put that issue before the trial court.

We deny father's point as to jurisdiction and take up his related point that after the original decree there was no evidence of later changes affecting visitation. Father did not raise this in his after-trial motion but we consider it on our own motion.

A prior custody decree can be modified upon facts existing but initially unknown to the court. *McFadden v. McFadden*, 509 S.W.2d 795 [1–4] (Mo.App. 1974). The minor children testified in camera. The court found they have no love for their father and are afraid of him because of long continued mental and physical abuse. The finding denying further paternal visitation is fully supported.

By his final point father claims the court erred in denying his motion for con-

tempt as to personal property. He contends that matter had not yet been submitted. He bases this on a court clerk's minute entry so saying. In contrast, the court's formal order did specifically deny the husband's claim the wife had wasted his personal property. When the court noticed this conflict it made a nunc pro tunc order changing the clerk's minute entry. This bit of judicial house-cleaning was unnecessary but harmless. As we ruled in *Schenberg v. Schenberg*, 307 S.W.2d 697 [14, 15] (Mo.App. 1957): "A nunc pro tunc entry is an entry made now for something actually done previously but not then entered." The now challenged entry did just that.

None of father's challenges has merit. Affirmed.

REINHARD, P.J., and SNYDER and CRIST, JJ., concur.