In Re the MARRIAGE OF Pearl Lillie GOHN and Lyman Ray Gohn.

Pearl Lillie GOHN, Petitioner-Respondent,

v.

Lyman Ray GOHN, Respondent-Appellant.

No. 44964.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 7, 1982.

Kenneth L. Waldron, Jackson, for respondent-appellant.

Peter L. Statler, Jackson, for petitioner-respondent.

SNYDER, Judge.

This is a dissolution action in which the circuit court of Cape Girardeau County dissolved the marriage, divided the marital property, and awarded child support and custody of the two minor children to the wife-respondent. The husband appeals. The judgment is affirmed.

The husband raises three points of error. He charges the trial court erred in awarding custody of the children to the wife and in dividing the marital property. He also claims the trial court did not have jurisdiction because the wife's pleadings failed to comply with § 452.480 RSMo. 1978.

Pearl Lillie Gohn and Lyman Ray Gohn were married July 3, 1968 in Cape Girardeau County, Missouri. They separated in July, 1981 and a petition for dissolution of the marriage was filed by Mrs. Gohn on July 24, 1981. At the time of the separation, the Gohn's two daughters, Michelle Renee, now 12, and Julie Marie, now 7, went to live with their father.

The lower court decreed the dissolution on October 9, 1981, awarded custody of the two children to the wife, along with $35.00 per week per child, a total of $70.00 per week, for child support, and divided the marital property.

The husband's third point relied on charges the lower court lacked jurisdiction over this matter because the respondent's pleadings failed to comply with the Uniform Child Custody Jurisdiction Act, § 452.480 RSMo. 1978. The point is denied.

■ Although § 452.480 requires that parties in child custody proceedings furnish certain information in their pleadings or by affidavit, that requirement is not jurisdictional.

Section 452.450 RSMo. 1978 specifically sets forth the necessary requirements for jurisdiction under the Act. It provides in part:

"Jurisdiction—1. A court of this state which is competent to decide child custody matters *has jurisdiction to make a child custody determination* by initial or modification decree if:

(1) this state:

 (a) is the home state of the child at the time of commencement of the proceeding, or . . .

 * * * * * *

(4) *It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivisions (1), (2) or (3)* . . . *and it is in the best interest of the child that this court assume jurisdiction.* Emphasis supplied.

 * * * * * *

Section 452.450 sets forth certain jurisdictional requirements. It contains no reference to Section 452.480. *Expressio unius est exclusio alterius.* Jurisdiction attaches when the requirements of § 452.450 are met, not § 452.480. All the relevant information was before the trial court. Therefore, the trial court properly overruled the husband's motion to dismiss.

■ There was substantial evidence to support the trial court's judgment dividing the marital property and awarding custody of the children and child support payments to the wife. There was no error in declaring or applying the law. *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3]. An extended opinion would have no precedential value.

The judgment is affirmed in compliance with Rule 84.16(b).

REINHARD, P. J., and CRIST, J., concur.