Deborah Sue Waddle
SWEANY, Respondent,

v.

Tommy Frederick
MEINECKE, Appellant.

No. WD 35689.

Missouri Court of Appeals,
Western District.

April 9, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
May 28, 1985.

Application to Transfer Denied
June 25, 1985.

---

Patrick E. Richardson, Green City, for appellant.

Before TURNAGE, C.J., Presiding, and SOMERVILLE and MANFORD, JJ.

MANFORD, Judge.

This is an appeal from a judgment determining paternity, the assessment of an amount for past child support and an order for future child support.

The judgment is affirmed as modified.

Appellant presents seven points, which in summary charge that the trial court erred in entering its judgment (1) in failing to dismiss the petition because it did not state a claim for relief, (2) in entering judgment because it lacked jurisdiction to determine paternity, (3) because of the failure to join an indispensable party, (4) because appellant was not given notice of the trial setting, (5) because the sum of past child support was entered upon an amendment to the original petition, (6) because the granting of past child support was not supported by substantial and competent evidence, and (7) because the granting of future child support was not supported by substantial and competent evidence.

This matter having been tried to the court without a jury brings the review of same within Rule 73.01 and the interpretation of that rule as set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

The pertinent facts are set forth in summary as follows.

Respondent, Deborah Sue Sweany (hereinafter Sweany) and appellant, Tommy Meinecke (hereinafter Meinecke) lived together without the benefit of marriage for a period of time prior to September 8, 1976. Sweany became pregnant and during the fourth to fifth month of the pregnancy

(about May, 1976), the couple separated. A male child was born to Sweany and Meinecke on September 8, 1976. The evidence revealed that Meinecke recognized the child as his. While Meinecke did not pay any medical costs for the birth or any regular child support, he did provide monies for Christmas and birthdays. On occasion, Meinecke visited with the child. When the child was about 10 months old, Sweany and Meinecke again lived together for about two months. There was evidence that Meinecke had a net yearly income of $26,000.00. Sweany subsequently married and her spouse sought adoption of the child. Meinecke was asked to consent. He refused, stating that he preferred to support the child. He has not supported the child. This action sought the adjudication of paternity in Meinecke, a sum of $17,600.00 as past due child support and an order for future child support in the sum of $250.00 per month. Judgment was entered granting the relief sought. This appeal followed.

■ Under his point (1), appellant charges that the trial court erred in failing to dismiss the petition because it did not state a claim for relief.

A review of the petition reveals on its face that it states a claim for relief. Appellant's reliance upon Chapter 452 and more specifically, § 452.480.1, RSMo 1978, is misplaced as this action is not a dispute of custody but is a suit seeking a declaration of paternity and the affixing of obligation for past and future child support. It is noted that under § 452.445 the Uniform Act has no application to actions involving child support or other monetary obligations.

Since custody of the minor child has never been an issue in these proceedings within the meaning and purpose of Chapter 452, appellant's point (1) is ruled against him.

■ Under his point (2), appellant charges that the trial court erred in entering its judgment because it lacked jurisdiction to determine paternity.

(1) Once again, appellant's reliance upon Chapter 452 is misplaced as custody was not an issue herein and likewise, this is not an action in dissolution. *In re Marriage of Gohn*, 639 S.W.2d 413 (Mo.App.1983) does not control. Further, in the case of *B_____ v. B_____*, 673 S.W.2d 819 (Mo.App.1984), the court did not rule that § 452.440–452.550, RSMo 1978 applied. That court went on to state that § 452.450 prescribes jurisdiction in an action involving the issue of custody.

The court herein did have jurisdiction to determine paternity and affix child support for the minor child. The trial court had subject matter jurisdiction and jurisdiction over the parties. Appellant's point (2) is ruled against him.

■ Under his point (3), appellant charges that the trial court erred in entering its judgment because of the failure to join an indispensable party.

The record shows that the trial court appointed a guardian ad litem for the male child. The guardian was present at trial and represented the interests of the minor child.

Appellant has no valid defense to the present claim upon the assertion that the minor child at some later date might assert a paternity claim against respondent's present spouse. The trial court herein, from all the evidence and correctly so, determined appellant to be the natural father of the minor child.

The case of *OFL v. MRR*, 518 S.W.2d 113 (Mo.App.1974) relied upon by appellant does not apply or control the present proceedings. Appellant's point (3) is ruled against him.

■ Under his point (4), appellant charges that the trial court erred in entering its judgment because appellant was not given notice of the trial setting.

Appellant filed an answer herein. This case was set for hearing on three separate occasions because of appellant's failure to appear and the matter was continued to accommodate appellant. Not only did respondent file the appropriate motion for

trial setting along with a certification of a mailed copy to appellant, *but* the trial court wrote a letter to appellant advising him of the final trial setting. Appellant's assertion that there remained further discovery has no merit. This record reveals a total lack of concern and effort by appellant to enforce discovery or to further support his defense, if any, to respondent's claim. It must be noted with interest that appellant claims a lack of notice of the trial setting by the trial court, but for some mysterious reason, he did receive the court's notification of judgment entry in order to timely present this appeal. Appellant's point (4) is ruled against him.

■ Under his point (5), appellant charges that the trial court erred in entering its judgment because the sum of past child support was entered upon an amendment to the original petition.

While the evidence supports a finding for past child support in the sum of $17,600.00, the trial court erred when it ordered the petition be amended to conform to the evidence.

Under the facts and circumstances herein, it cannot be said that the trial court's amendment of the petition from a prayer for $10,000.00 to $17,600.00 was not a substantial and material change of the respondent's pleadings. Under Rule 55.33, appellant was entitled to notice of such change. The record fails to reveal any such notice.

Appellant's point (5) is sustained to his favor. The judgment is modified to the extent that the sum of $17,600.00 is reduced to the sum of $10,000.00 as prayed for under the petition.

■ Under his point (6), appellant charges that the trial court erred in entering its judgment because the granting of past child support was not supported by substantial and competent evidence.

Contrary to appellant's assertion, the evidence was substantial to support the trial court's award of $17,600.00 as a reasonable sum for past child support. Appellant is correct in noting there is no such thing as "past child support" in our law, but rather,

the matter is really one of quasi-contract with the other parent (in this case the appellant-natural father) or, as one court has held, the same is an "accrued debt". *See N.R. v. R.J.D.*, 588 S.W.2d 76 (Mo.App. 1979).

Appellant concedes that the trial court herein possessed authority to enter such a judgment. His challenge is that the evidence did not support the finding of the sum awarded. His assertion does not prevail.

However, in light of the disposition of point (5), the judgment is modified to the extent that the sum of $17,600.00 is reduced to the sum of $10,000.00 as prayed for in the petition.

■ Under his final point (7), appellant charges that the trial court erred in entering its judgment because the granting of future child support was not supported by substantial and competent evidence.

The evidence revealed appellant had, from his income tax records, a net income of $26,000.00 per year. The evidence was otherwise substantial to support the trial court's finding of the sum of $250.00 per month as correct and future child support.

Appellant is not foreclosed from showing any change of condition which in the trial court's judgment would warrant a modification of child support but his challenge to the present award is without merit.

As noted above, the past award of child support is reduced from $17,600.00 to $10,000.00, and the judgment is thus modified to reflect such reduction.

The judgment is affirmed as modified.

All concur.