**Elsie CRAIGHEAD, Appellant,**

v.

**James Lewis CRAIGHEAD, Respondent.**

**No. WD 37264.**

Missouri Court of Appeals,
Western District.

May 27, 1986.

John T. Kay, California, for appellant.

Roger P. Krumm, Fulton, for respondent.

Before BERREY, P.J., and GAITAN, J. and ROPER, Special Judge.

PER CURIAM.

Appellant-mother appeals denial of her motion for leave to remove children from the state and award of custody of her two children to the father on his motion to modify the custody provisions of a decree of dissolution. Affirmed in part and reversed in part.

The original dissolution decree, which was entered September 10, 1984, awarded custody of the couple's children to the mother and incorporated the parties' separation agreement, which contained provisions for visitation by the father. The parties, at the time the decree was entered, both resided in Fulton, Missouri. Subsequently, the mother filed a motion for leave to remove the children from the state, pursuant to § 452.377, RSMo Supp.1984, stating that she wanted to look for employment in Louisiana, where she felt her prospects of employment were better.

The father prepared an unverified response to the motion for leave to remove the children from the state in which he requested that the mother's motion be dismissed and that the dissolution decree be amended to award custody of the couple's children to himself. The response and motion to modify were not verified by either the father or his counsel. Counsel for the mother orally agreed on the record at the hearing to take up evidence on the motion to modify.

The trial court overruled the mother's motion for leave to remove the children from the state and sustained the father's

motion to modify the custody provisions of the decree of dissolution. The court found that the best interests of the children would not be served by removing them from the state and that a substantial change of circumstances had occurred since the entry of the original decree, consisting of the mother's completion of nursing school and her decision to seek employment as a nurse in Louisiana. After concluding that this change of circumstances made the original custody award unreasonable, the court ordered custody of the children transferred from the mother to the father.

Appellant-mother presents several points on appeal. We shall treat the dispositive point first. She argues that the trial court erred by granting respondent's motion to modify because the court did not have jurisdiction over the matter of the custody of the children. Because the motion to modify was not verified, appellant argues, it did not confer jurisdiction on the court to modify the custody provisions of the dissolution decree.

■ An action to modify a prior custody decree is a statutory action governed by §§ 452.410, 452.450, 452.455, and 452.480, RSMo (1978 and Supp.1985); *McCammon v. McCammon,* 680 S.W.2d 196, 200 (Mo. App.1984). Section 452.410 provides that the court may not modify a prior custody decree "unless it has jurisdiction under the provisions of section 452.450...." The latter section confers jurisdiction in certain circumstances, defined in the statute, involving residency of the child and his or her parents. A further requirement is contained in § 452.455 which provides that the pleading to modify the child custody decree "shall be verified."

■ Respondent-father presents several arguments why he believes appellant-mother waived the defense of lack of jurisdiction: First, he suggests that by presenting evidence at the hearing on May 7, 1985, and by failing to object to the hearing on the motion, appellant waived her objection to the court's jurisdiction over custody. But subject matter jurisdiction exists only when the court has the right to proceed to determine the question or controversy in issue between the parties. *State Tax Comm'n v. Administrative Hearing Comm'n,* 641 S.W.2d 69, 72 (Mo. banc 1982). The defense of lack of subject matter jurisdiction cannot be waived, and jurisdiction cannot be conferred by agreement of the parties, appearance, or argument. Appellant did not waive her objection to the jurisdictional defect by appearing at the hearing. *Id.* Respondent-father's further suggestion that appellant-mother waived her right to object to the court's jurisdiction over custody by signing the stipulation stating that the court had jurisdiction to hear evidence on her motion for leave to remove the children from the state is misleading and is without merit.

Second, respondent suggests that the mother's motion for leave to remove the children from the state automatically conferred jurisdiction on the court to modify the custody provisions. He argues that appellant waived her defense of lack of jurisdiction over custody by the act of filing the motion for leave to remove the children from the state.

Appellant-mother initiated this case by filing her motion for leave to remove her children from the state pursuant to § 452.-377, RSMo Supp.1984. In her motion she states that she anticipated that she will complete the requirements to become a licensed nurse in May, 1985. She proposes that she move to Louisiana in May, 1985, accompanied by her children, to seek employment in her new profession. She does not state that she has found or accepted employment in another state, found a new place of residence in another state, or moved her place of residence. The motion states that if permitted to remove the children from the state, appellant will comply with the provision in the original decree of dissolution for alternate visitation if one of the parties moves away from the area. The motion does not request that the terms of the dissolution decree be changed or departed from in any way.

Section 452.377 states that the custodial parent may not change the residence of the child to another state without seeking the court's permission or obtaining the written consent of any "parties with custody or visitation rights." Removal of the children from the state without obtaining the consent of the other interested parties or filing a motion for leave to remove the children "may be deemed a change of circumstance under section 452.410, allowing the court to modify the prior custody decree." § 452.377.

■ Appellant-mother was forced either to file a motion for leave to remove the children from the state before she relocated or to risk moving the children without asking permission which may be deemed a change in circumstances under § 452.410 allowing the court to modify the prior custody decree. Her appeal and the evidence presented at the hearing demonstrate that she wishes to retain custody of the children. It cannot logically be presumed from the filing of the motion to remove that she would relinquish custody of the children rather than remain in Missouri if her request to remove the children from the state was denied. Permitting the trial court to assume jurisdiction over custody and to take the custody of the children away from her because she filed a motion for leave to remove them from the state punishes compliance with the statutory requirement. Therefore, we hold that filing the motion for leave to remove the children from the state did not automatically confer jurisdiction on the court to modify the custody provisions of the dissolution decree.

Third, respondent argues that the court had sufficient evidence to support a finding of a substantial change of circumstances and to permit it to modify the custody decree on its own motion under § 452.410. The court in its order cites, as the change of circumstances, that appellant "has graduated from nursing school and has decided to seek employment in the State of Lousiana [sic]."

■ The final judgment in a divorce or dissolution of marriage does not divest a court of continued jurisdiction to modify that decree as to maintenance, support or custody. § 452.410; *Burchett v. Burchett*, 572 S.W.2d 494, 497 (Mo.App.1978). But the jurisdiction retained by the court that rendered the decree operates only on changed circumstances. *Id.* The statute requires that before modifying the order, the court find "that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child." § 452.410.

The court erred by modifying custody. That part of the order overruling appellant's motion for leave to remove her minor children from the state is affirmed; that part of the order sustaining respondent's motion to modify is reversed. The case is remanded to the trial court to enter orders consistent with this opinion.

All concur.