**Janet Ellen GOLDEY, Appellant,**

v.

**William Francis GOLDEY, Respondent.**

**No. WD 38817.**

Missouri Court of Appeals, Western District.

June 2, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 30, 1987.

Application to Transfer Denied Sept. 15, 1987.

Stanley Brian Cox, Sedalia, for appellant.

Roger J. Schuber, Sedalia, for respondent.

Before LOWENSTEIN, P.J., and PRITCHARD and TURNAGE, JJ.

PRITCHARD, Judge.

This proceeding began upon appellant mother's verified motion, filed January 10, 1984, to modify a child custody provision in a dissolution decree wherein she asked that she be permitted to remove the children to another state where she alleged she had the opportunity for employment. The original decree granted custody to the mother, subject to the father's visitation rights, and his obligation to pay child support, which he testified had been kept current. In response to the mother's motion, the father filed a verified answer in which he denied that there had been a substantial change in circumstances necessitating any change in the court's prior decree, and prayed that the court "make a full and complete inquiry with regard to custody, visitation and support regarding the minor children". A copy of the answer was mailed to the mother's attorney, Mr. Ken Dake, on January 26, 1984.

On May 3, 1985, the motion to modify decree was noticed up for hearing by the father's attorney for June 13, 1985. On that date, Mr. Dake appeared for the mother, the court granted the father leave to amend his answer by interlineation: "and awarding the Respondent custody in the best interests of the children." The amendment was not further verified. The mother's motion for continuance was granted.

Following the continuance, appellant's counsel sent her a certified mail letter on June 27, 1985, the receipt for which was apparently signed by her, which asked her immediately to contact him about the case and advising her that she was in danger of

the children being given into the father's custody because she would not be in touch with counsel. In any event, appellant did not show up for the hearing, and her attorney was unsuccessful in his attempts to contact her. Appellant removed the children to Texas without the permission of the court. It was, of course, appellant's duty to remain in contact with her attorney so as to be aware of the status of her motion to modify the child custody provision.

Respondent's verified answer did not ask for custody and did not state any factual grounds as to any change of circumstances, even the removal of the children from this state without permission. The unverified amendment by interlineation likewise did not allege any changed circumstances. This unverified amendment is sufficient to declare that the trial court was without jurisdiction to take up the father's motion for custody because § 452.455, RSMo 1986, provides in plain terms that a petition to modify child custody decrees *shall be verified.* Cf. *In re Marriage of Dunn,* 650 S.W.2d 638, 639[1, 2] (Mo.App.1983), where a husband's appeal was dismissed for lack of jurisdiction because he did not verify his petition. Here, the amendment by interlineation being unverified, and being insufficient under the statute, the court had no authority to treat it as amended to conform to the proof under Rule 55.33(b).

There is nothing to prevent respondent father from filing a new motion to modify child custody provisions, on proper verification and allegations of changed circumstances from the original award.

The judgment is reversed.

All concur.