David Ray PIERCE, Respondent,

v.

Bernadette Bernice PIERCE, n/k/a
Bernadette Bernice Fithian,
Appellant.

No. 52663.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 29, 1987.

Dennis E. McIntosh, Farmington, for appellant.

Lenzie L. Leftridge, Flat River, for respondent.

CRIST, Judge.

Mother appeals from the denial of her Motion to Set Aside for Irregularity a judgment modifying child custody. We reverse and remand.

The parties' marriage was dissolved July 7, 1983. Mother was awarded primary custody of the parties' minor son; father was awarded reasonable visitation. After the dissolution mother and child moved out of Missouri.

On March 30, 1984, father filed a motion to modify and a motion for contempt for denying visitation. In the motion to modify father sought "specific periods of temporary custody" and a modification in "child support such as to reflect the added transportation costs." Mother was personally served in Arizona. She did not file an answer and did not appear for the hearing.

A default judgment was entered changing primary custody of the parties' child to father and denying mother visitation until she appeared before the court to request visitation. Two years later, on November 5, 1986, mother filed a Motion to Set Aside Judgment for Irregularity, pursuant to Rule 74.32. That motion was denied by the trial court.

Mother asserts the trial court exceeded its authority when it changed custody because only a change in visitation was requested. In response, father asserts the trial court has jurisdiction over child custody, *Stuart v. Stuart*, 637 S.W.2d 371, 372 (Mo.App.1982), such that it can do what is necessary for the best interest of the child. Both are correct. In modifying a custody decree the trial court must act to serve the best interests of the child. § 452.410, RSMo 1986; *Fleming v. Fleming*, 562 S.W.2d 168, 170 [1] (Mo.App.1978). The court has not demonstrated it acted in the child's best interest when it changes primary custody without hearing any evidence from mother or from a guardian *ad litem*.

■ Under Rule 74.32 a party has three years from the date of judgment to set aside a default judgment for irregularity. This remedy is a narrow one that applies only when the irregularity renders the judgment contrary to a proper result; the irregularity must be patent on the record, not dependent on proof beyond the record; and the irregularity represents a procedural rather than an ordinary judicial error. *Barney v. Suggs*, 688 S.W.2d 356, 358–59 [4–6] (Mo. banc 1985). A default judgment granting relief greater to or different than that requested in the petition, in violation of Rule 74.11, is an irregularity cognizable under Rule 74.32. *Barney*, 688 S.W.2d at 359 n. 1; *Matter of Estate of Scholz*, 615 S.W.2d 459, 462 [1] (Mo.App.1981). In *Rook v. John F. Oliver Trucking Co.*, 505 S.W.2d 157 (Mo.App.1973) (abandoned on other grounds by *Hoffman v. Quality Chrysler Plymouth Sales, Inc.*, 706 S.W.2d 576, 578 [11] (Mo.App.1986) we held:

> There is good reason for the rule that a judgment by default should not exceed the prayer. A defendant may desire to let judgment go by default when he is aware of the limit on the amount of damages claimed in the prayer, but would not be so desirous if he could be subjected to a judgment in a sum exceeding the amount of relief prayed for. *Rook*, 505 S.W.2d at 161.

That policy rationale still applies.

■ Many cases dealing with violations of Rule 74.11 involve money judgments in excess of the prayer. *See e.g., First Missouri Bank of St. Francois County v. Patterson*, 696 S.W.2d 800 (Mo.App.1985). Father asserts child custody is unlike a monetary judgment. He is correct. It is " 'plain beyond the need for multiple citation' that a natural parent's "desire for and right to 'the natural companionship, care, custody, and management of his or her children' " is an interest far more precious than any property right." *Santosky v. Kramer*, 455 U.S. 745, 758–59, 102 S.Ct. 1388, 1397, 71 L.Ed.2d 599 (1982), citing *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 27, 101 S.Ct. 2153, 2160, 68 L.Ed.2d 640 (1981), and *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208, 1212, 31 L.Ed.2d 551 (1972). In Missouri Rule 74.11 has not been limited to situations that are strictly monetary. *See e.g., Matter of Estate of Scholz*, 615 S.W.2d 459 (where prayer was for declaration that defendant had no interest in a specific piece of property default judgment was limited to the relief requested). There is no reason to exclude child custody from the protections of Rule 74.11.

■ In his brief father cites numerous cases where the relief granted by a trial court in a domestic matter exceeded the prayer. *E.g., Stuart*, 637 S.W.2d 371, and *Gianformaggio v. Gianformaggio*, 341 S.W.2d 293 (Mo.App.1960). In those cases both parties were present and aware of what was at stake; and more importantly, the trial court heard both sides. Here mother had no notice her default would result in anything other than a change in visitation and child support. The docket sheet indicates the court heard evidence, a transcript of that proceeding is not before us, but it is inconceivable the court got all the information when neither mother nor

child was represented. At the very least a guardian *ad litem* should have been appointed. § 452.490.4, RSMo 1986.

Judgment reversed and remanded for a proper determination of custody. The trial court is ordered to issue such temporary orders as may be necessary to protect the best interest of the child pending the full presentation of evidence and determination of custody.

SATZ, P.J., and KELLY, J., concur.