Dewey G. HIGGINS, Respondent,

v.

Constance (Higgins) KARGER, Appellant.

No. 15245.

Missouri Court of Appeals, Southern District, Division One.

June 29, 1988.

Kay S. Graff, Springfield, for appellant.

David P. Vandagriff, Monett, for respondent.

CROW, Chief Judge.

Constance R. Karger ("Constance"), ex-wife of Dewey Gerald Higgins ("Gerald"), appeals from an order transferring custody of their daughter, Audra Lea Higgins ("Audra"), from Constance to Gerald. Constance maintains (1) the trial court was without jurisdiction in that Gerald's motion to modify was not verified, and (2) the order was against the weight of the evidence, as Gerald failed to show changed circumstances sufficient to support modification.

Constance and Gerald married each other October 4, 1975; Audra, the only child of the marriage, was born December 27, 1976. The marriage was dissolved by decree of the Circuit Court of Barry County March 3, 1980. Constance was awarded "principal care and custody" of Audra; Gerald was granted the right of reasonable visitation and was ordered to pay child support.

On December 24, 1985, Gerald filed a motion to modify the custody order in the dissolution decree, praying that principal care and custody of Audra be transferred to him. The motion was signed by Gerald's attorney,[1] but neither the attorney nor Gerald made oath in writing at the foot of the motion that the allegations thereof were true.

Constance, in due time, filed a pleading consisting of (1) an answer to Gerald's motion to modify, and (2) a "counter-motion" for increase of child support. Constance's pleading was signed by her attorney,[2] but neither the attorney nor Constance made oath in writing at the foot of the pleading that the allegations thereof were true.

Section 452.455, RSMo Cum.Supp.1984, provides:

---

1. The attorney representing Gerald in this appeal is not the attorney who signed the motion.

2. The attorney representing Constance in this appeal is not the attorney who signed the pleading.

"1. Any petition for modification of child custody decrees filed under the provisions of section 452.410, or sections 452.440 to 452.450, shall be verified and, if the original proceeding originated in the state of Missouri, shall be filed in that original case, but service shall be obtained and responsive pleadings may be filed as in any original proceeding.

2. Before making a decree under the provisions of section 452.410, or sections 452.440 to 452.450, the litigants, any parent whose parental rights have not been previously terminated, and any person who has physical custody of the child must be served in the manner provided by the rules of civil procedure and applicable court rules and may within thirty days after the date of service ... file a verified answer...."

On September 4, 1986, by agreement of Constance and Gerald, the trial court granted "temporary custody" of Audra to Gerald, and awarded Constance "specific visitation" at certain scheduled times. Gerald was relieved of the obligation to pay child support "until further order."

The cause was tried May 7, 1987. Both parties appeared in person and with counsel; each party presented evidence. The trial court thereafter entered an order (1) awarding custody of Audra to Gerald, (2) granting Constance visitation at specified times, and (3) terminating Gerald's obligation to pay child support. This appeal followed.

In her first point Constance insists that because Gerald's motion to modify was not verified, the trial court lacked jurisdiction to enter the order of modification. Con-

stance concedes, and the record confirms, that she did not raise the jurisdictional issue in the trial court.

In addition to § 452.455, quoted earlier, two statutes are pertinent to Constance's first point: §§ 452.410[3] and 452.450,[4] RSMo 1986.

Evidence adduced in the trial court established that Missouri was Audra's home state[5] at the time Gerald commenced the modification proceeding, thus the jurisdictional requirements of § 452.450[6] were satisfied. Constance does not argue otherwise. Her contention that the trial court lacked jurisdiction to award custody of Audra to Gerald rests exclusively on the fact that Gerald's motion to modify was not "verified" as required by § 452.455.1, quoted *supra.*

Constance relies on two cases: *Craighead v. Craighead,* 710 S.W.2d 501 (Mo. App.1986), and *Goldey v. Goldey,* 735 S.W. 2d 18 (Mo.App.1987).

In *Craighead,* the mother, who had been awarded custody in the dissolution decree, filed a motion for leave to remove the children from Missouri per § 452.377, RSMo Cum.Supp.1984. The father filed an unverified response praying that the mother's motion be dismissed and that the dissolution decree be amended to award custody to him. The trial court, after a hearing, denied the mother's motion and transferred custody to the father. On appeal by the mother, the Western District of this Court pointed out that an action to modify a custody decree is a statutory action governed by §§ 452.410,[7] 452.450,[8] 452.455 (quoted earlier in the body of this opinion),

---

3. Section 452.410, RSMo 1986, provides: "The court shall not modify a prior custody decree unless it has jurisdiction under the provisions of section 452.450...."

4. Section 452.450, RSMo 1986, provides, in pertinent part:
"1. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by ... modification decree if:
(1) This state:
(a) Is the home state of the child at the time of commencement of the proceeding; or

....."

5. Section 452.445(4), RSMo Cum.Supp.1984, provides: "'**Home state**' means the state in which, immediately preceding the filing of custody proceeding, the child lived with ... a parent ... for a [sic] least six consecutive months...."

6. Footnote 4, *supra.*

7. Footnote 3, *supra.*

8. Footnote 4, *supra.*

and 452.480.[9] *Craighead,* 710 S.W.2d at 503.

The opinion in *Craighead* then said:

"Section 452.410 provides that the court may not modify a prior custody decree 'unless it has jurisdiction under the provisions of section 452.450. . . .' The latter section confers jurisdiction in certain circumstances, defined in the statute, involving residency of the child and his or her parents. A further requirement is contained in § 452.455 which provides that the pleading to modify the child custody decree 'shall be verified.'" 710 S.W.2d at 503.

*Craighead* held that because the father's motion was not verified, the trial court lacked subject matter jurisdiction to modify the custody provision in the dissolution decree. *Id.* No authority was cited for that conclusion.

*Goldey,* like *Craighead,* involved a motion by a custodial mother to modify a custody provision in a dissolution decree to permit her to remove the children to another state. In response, the father filed a verified answer denying there had been a substantial change in circumstances necessitating any change in the existing decree, and praying the court to make a full and complete inquiry regarding custody, visitation and support of the children. Several weeks later, in open court, the father was granted leave to amend his pleading by interlineation to pray for custody. The amendment was not further verified. The cause was set for hearing on the merits at a later date. On the hearing date, the mother failed to appear. On appeal by the mother (inferably from an order transferring custody of the children to the father), the Western District of this Court stated

that the father's verified answer did not ask for custody and did not state any factual grounds demonstrating a change in circumstances. *Goldey,* 735 S.W.2d at 19. The Court further noted that the unverified amendment by interlineation likewise failed to allege any changed circumstances. *Id.* The Court then said:

"This unverified amendment is sufficient to declare that the trial court was without jurisdiction to take up the father's motion for custody because § 452.455, RSMo 1986, provides in plain terms that a petition to modify child custody decrees *shall be verified. . . .* Here, the amendment by interlineation being unverified, and being insufficient under the statute, the court had no authority to treat it as amended to conform to the proof under Rule 55.33(b)." *Id.*

It is manifest that *Craighead* and *Goldey* support Constance's contention in the instant case that the trial court lacked jurisdiction to award custody of Audra to Gerald. There are, however, cases indicating otherwise.

*In re Marriage of Gohn,* 639 S.W.2d 413 (Mo.App.1982), was a dissolution action in which the husband, on appeal, asserted that the trial court lacked jurisdiction to award custody of the children to the wife, as her pleadings failed to comply with § 452.480, RSMo 1978.[10] Rejecting the point, the Eastern District of this Court said in *Gohn:*

"Although § 452.480 requires that parties in child custody proceedings furnish certain information in their pleadings or by affidavit, that requirement is not jurisdictional.

Section 452.450 RSMo. 1978 specifically sets forth the necessary requirements

. . . ."

---

9. Section 452.480, RSMo Cum.Supp.1984, provides: "1. In his first pleading, or in an affidavit attached to that pleading, every party in a custody proceeding shall give information under oath as to the child's present address, with whom the child is presently living and with whom and where the child lived, other than on a temporary basis, within the past six months. In this pleading or affidavit every party shall further declare under oath whether: [here the statute lists sundry disclosures the party is required to make]

10. Section 452.480, RSMo 1978, was amended by Laws 1979, H.C.S.S.B. 154, pp. 621–22. The amendment affected only paragraph 1 of the statute. Paragraph 1 of § 452.480, as it existed after the 1979 amendment, appears in footnote 9, *supra.* The 1979 amendment to § 452.480 did not affect the precedential value of *Gohn* on the point before us.

for jurisdiction under the [Uniform Child Custody Jurisdiction] Act....

....

... It contains no reference to Section 452.480. Expressio unius est exclusio alterius. Jurisdiction attaches when the requirements of § 452.450 are met, not § 452.480. All the relevant information was before the trial court. Therefore, the trial court properly overruled the husband's motion to dismiss." *Id.* at 414[1].

*Gohn,* of course, did not involve a failure to verify a motion to modify as required by § 452.455.1, *supra,* but it did involve a failure to furnish, by verified pleading or separate affidavit, the information required by § 452.480. The important aspect of *Gohn,* so far as the case before us is concerned, is the holding that jurisdiction attaches when the requirements of § 452.450 are met.

In *McCammon v. McCammon,* 680 S.W.2d 196 (Mo.App.1984), decided by the Western District of this Court (prior to *Craighead* and *Goldey*), the mother appealed from a judgment modifying the father's visitation privileges in a dissolution decree. She maintained the trial court lacked jurisdiction because the father's motion to modify was not personally signed or verified by him. The motion was signed by the father's attorney, who verified before a notary public that the allegations were true and correct to the best of the attorney's information and belief.

In an opinion comprehensively discussing the history of the requirement that divorce petitions be accompanied by the affidavit prescribed by statute, the Court in *McCammon* held that the trial court had jurisdiction to make the custody determination. The Court said:

"Whatever the law may be at this time with respect to the necessity for a petition for dissolution verified by the plaintiff and the plaintiff only, in order to confer jurisdiction upon the court, we see no reason to read such a requirement into § 452.455.

Under the present law, an action to modify a prior custody decree is governed by §§ 452.410, 452.450, 452.455 and 452.480. Section 452.410 provides in part that a 'court shall not modify a prior custody decree unless it has jurisdiction under the provisions of section 452.-450....' The latter section explicitly confers jurisdiction on the court 'to make a child custody determination by initial or modification decree ...' in certain circumstances. Amended § 452.455 ... requires that a petition for modification be verified. Section 452.480 further provides that '[i]n his first pleading, or in an affidavit attached to that pleading, every party in a custody proceeding shall give information under oath' concerning the child. But only § 452.450 specifies what is required to confer jurisdiction on the court in such cases, and those specifications do not include verification by the petitioner of the petition to modify.

We agree with the Eastern District of this court which in a similar case held that the requirements of § 452.480 are not jurisdictional. *In re Marriage of Gohn....* The court held there that '[s]ection 452.450 sets forth certain jurisdictional requirements. It contains no reference to Section 452.480.... Jurisdiction attaches when the requirements of § 452.450 are met, not § 452.480.'

Moreover, we believe that to hold that verification of a modification petition by only the petitioner is jurisdictional so that judgments may be declared void after trial on the merits would be to exalt form over substance and is totally unnecessary in this context. Accordingly, we hold that in this case verification by the [father's] attorney of the motion to modify was at least sufficient to confer jurisdiction upon the court to proceed with the case." *Id.* at 200–201 (footnote omitted).

*McCammon* is obviously different than the instant case in that the motion to modify in *McCammon* was verified by the father's attorney, whereas here Gerald's motion to modify was not verified by anyone. *McCammon* is nonetheless relevant to the instant case in that *McCammon* emphasizes that § 452.450, alone, specifies what

is required to confer jurisdiction on a Missouri court to make a custody determination.[11]

Section 452.410, as we have seen, provides that the court shall not modify a prior custody decree unless it has jurisdiction under the provisions of § 452.450. Neither § 452.455 (the statute requiring verification), nor § 452.480 (the statute requiring certain disclosures), is mentioned in § 452.410.

Section 452.450 (the statute setting forth the conditions that must exist for a Missouri court to have jurisdiction to make a child custody determination) does not mention § 452.455 or any other statute, nor does it state, explicitly or implicitly, that any other requirements must be met in order to vest jurisdiction.

Section 452.455, while undeniably requiring verification of a petition for modification filed under §§ 452.410 or 452.440–.450, does not state, explicitly or implicitly, that verification is necessary to vest the court with jurisdiction to make a child custody determination.

■ We therefore embrace the rationale of *Gohn* and *McCammon,* and hold that if the requirements of § 452.450 are satisfied a Missouri court has jurisdiction to make a child custody determination in a proceeding to modify a dissolution decree even if the motion to modify fails to meet the verification requirement of § 452.455.1. Our conclusion is buttressed by *In re Marriage of P.K.A.,* 725 S.W.2d 78 (Mo.App.1987), and *Stuart v. Stuart,* 637 S.W.2d 371 (Mo.App. 1982).

*P.K.A.* arose from a motion by a father asking the court to hold a mother in contempt for denying the father his right to visitation with their child. The trial court, after a hearing, found that the mother was not in contempt and, in addition, amended the dissolution decree to permit the father to visit the child only under supervision. On appeal the father argued, among other things, that the trial court lacked jurisdic-

tion to modify the dissolution decree in that no motion for modification was filed. Rejecting the contention, this District of this Court, citing *Stuart,* held that the father's motion to cite the mother for contempt put the issue of child custody before the trial court and it had jurisdiction to modify the father's visitation rights. *P.K.A.,* 725 S.W. 2d at 82[7].

*Stuart,* cited by *P.K.A.,* presented a similar situation. A father filed a motion seeking to have a mother cited for contempt for refusing child visitation. The trial court, after a hearing, denied further visitation by the father. On appeal the father asserted the trial court had no jurisdiction to modify child custody, as there was neither a pleading nor notice for a ruling on that issue. The Eastern District of this Court disagreed, holding that by his motion to cite the mother for denying visitation the father put the visitation issue before the trial court, thereby conferring jurisdiction to modify the decree. *Stuart,* 637 S.W.2d at 372[1].

If, in *Stuart* and *P.K.A.,* the trial court had jurisdiction to modify the custody provision in the dissolution decree where *no* motion for modification was filed, the trial court in the instant case surely had jurisdiction to modify the custody provision in the dissolution decree where a motion for modification *was* filed (albeit unverified).

One more case must be mentioned in connection with Constance's first point: *State ex rel. Perrella v. McGuire,* No. 15575 (Mo.App.S.D., filed May 18, 1988). There, the trial court modified a dissolution decree by transferring custody of a child from the father to the mother. The order was entered on the basis of a written agreement signed by the parties and presented to the trial court by the mother. No motion to modify was filed, no process was served on the father, and no testimony was introduced. In a prohibition proceeding by the father challenging the validity of the order, this District of this Court held that the written agreement did

---

11. Section 452.445(1), RSMo 1986, provides: "'**Custody determination**' means a court decision and court orders and instructions providing for the custody of a child, including visitation rights. . . ."

not qualify as a petition for modification because, contrary to the mandate of § 452.455.1, it was not verified. Citing *Craighead*, 710 S.W.2d at 503[1], the opinion stated the lack of verification was a jurisdictional defect. That deficiency, however, was but one of many enumerated in the *Perrella* opinion, and the holding that the trial court was without jurisdiction to enter the order of modification did not rest on that defect alone.

On the authority of *Gohn, McCammon, P.K.A.*, and *Stuart*, and acknowledging our inability to reconcile those cases with *Craighead, Goldey* and *Perrella*, we hold that the trial court in the instant case had jurisdiction to modify the custody order in the dissolution decree even though Gerald's motion for modification was not verified as required by § 452.455.1. There is but one statute setting forth the jurisdictional requirements for a Missouri court to make a child custody determination, § 452.450. The requirements of that statute were unquestionably met in the instant case. Constance's first point is, accordingly, denied.

In denying it, we do not imply that the verification requirement of § 452.455.1 can be disregarded with impunity. A motion to modify that fails to satisfy § 452.455.1 can be attacked by sundry means, including a motion to dismiss or a motion to strike. All we hold is that where, as here, the issues raised by an unverified motion to modify are tried on the merits, with no assertion by the defending party in the trial court that the motion is defective because it is not verified, and the evidence establishes that the jurisdictional requirements of § 452.450 exist, the judgment may not be declared void after trial because the motion to modify was unverified.

Constance's second point avers the modification was against the weight of the evidence, in that Gerald failed to carry the burden of showing changed circumstances sufficient to support modification.

■ We have carefully studied the 154-page transcript and examined the numerous exhibits that accompanied the record on appeal. The judgment in this judge-tried case, reviewable under Rule 73.01,[12] is supported by substantial evidence, is not against the weight of the evidence, and neither erroneously declares the law nor erroneously applies the law. That is the scope of our review. *Murphy v. Carron*, 536 S.W.2d 30, 32[1] (Mo. banc 1976); *H____ v. H____*, 637 S.W.2d 432, 434[1] (Mo.App.1982). Furthermore, we have determined that an extended discussion of Constance's second point would have no precedential value. Accordingly, the second point is denied and the trial court's decision to transfer custody is affirmed in compliance with Rule 84.16(b).

Judgment affirmed.

GREENE, P.J., concurs.

HOLSTEIN, J., concurs in result and files concurring opinion.

HOLSTEIN, Judge, concurring.

I concur fully in the result reached in the majority opinion. However, I respectfully disagree with the statement that *Craighead* and *Goldey* are irreconcilable with *Gohn, McCammon, P.K.A.*, and *Stuart*. *Craighead* and *Goldey* are distinguishable in that both were commenced as motions to remove children from the State pursuant to § 452.377. That statute was designed to provide an expeditious method for permitting a custodial parent to obtain judicial permission to remove children from the State and protect the visitation rights of a noncustodial parent. If a noncustodial parent desires to use such motion as a vehicle to modify custody, *Craighead* and *Goldey* require the noncustodial parent to strictly comply with the pleading requirements necessary to commence an action to modify the decree of dissolution. The salutary result is to discourage the delay, expense, and stress caused by a full-blown trial on a motion to modify, merely because a custodial parent has complied with § 452.377. I would limit the holding in *Goldey* and

---

12. Rule references are to Missouri Rules of Civil Procedure (19th ed. 1988).

*Craighead* to cases commenced as motions pursuant to that statute.