George GIPSON, Relator,

v.

The Honorable Richard T. ENRIGHT, Judge of the Circuit Court of St. Louis County, Missouri, Division 3, Respondent.

No. 54707.

Missouri Court of Appeals, Eastern District, Division One.

July 12, 1988.

---

Carl F. Kohnen, Florissant, for relator.

Rita M. Montgomery, St. Louis, for respondent.

PUDLOWSKI, Presiding Judge.

This is an action in prohibition to restrain the respondent circuit judge from proceeding in a paternity action pending in the Circuit Court of St. Louis County, Missouri.

In the underlying action Veronica Lee Williams, a minor, and Carolyn Louise Williams, her mother, seek to have the relator, George Gipson, declared the father of Veronica. In Count I of the petition, Veronica, by her next friend, Carolyn and Carolyn, individually, seek to have relator declared the father of Veronica. In Counts II and III Carolyn seeks future child support; reimbursement for amounts spent in providing necessities for Veronica in the past; to have relator pay all of Veronica's medical and dental bills not covered by insurance; and, to have Veronica named as beneficiary in relator's life insurance policy until she is emancipated or reaches age twenty-one in October of this year.

Relator argues that the action is barred by the principles of collateral estoppel and res judicata. In 1975 Carolyn filed a petition for dissolution of marriage in the City of St. Louis in which she identified Veronica as a "child born of petitioner and Dannie Louis Williams." The court issued its order dissolving the marriage and awarded Carolyn custody of Veronica, "the minor child of this marriage." Relator argues that the issue of paternity was resolved by the decree of dissolution and this action is therefore barred by principles of collateral estoppel.

Clearly, Carolyn is estopped from relitigating the issue of Veronica's paternity. Collateral estoppel precludes the same parties from relitigating issues previously adjudicated and applies if four conditions are satisfied: (1) the issue decided in the prior adjudication must be identical to the issue in the present action; (2) the prior adjudication must have resulted in a judgment on the merits; (3) the party against whom collateral estoppel is asserted must have been a party or one in privity with a party to the prior adjudication; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity in the prior adjudication to litigate the issue. *Oates v. Safeco Insurance Co.*, 583 S.W.2d 713, 719 (Mo. banc 1979). This doctrine is applicable to all issues which were, or might have been, litigated in a divorce proceeding. *Hedgecorth v. Hedgecorth*, 463 S.W.2d 596 (Mo.App.1971). This court recently determined that the

principles of collateral estoppel precluded a former husband from relitigating the issue of a child's paternity when the divorce decree stated that the child was "born of the parties during the marriage." *Vinson v. Vinson,* 725 S.W.2d 121, 124 (Mo.App. 1987). We reach the same result in this case.

The issue of paternity was litigated in the 1975 divorce action brought against Dannie Williams. In her petition for dissolution Carolyn identified Veronica as "a child born of the petitioner and Dannie Louis Williams." In its decree of dissolution the court found Veronica to be a "child of the marriage." Thus, the issue of paternity was adjudicated in 1975. The divorce resulted in a judgment on the merits and Carolyn, the party against whom collateral estoppel is asserted, was a party to the prior adjudication. At that time she had a full and fair opportunity to litigate the issue of paternity; she was present and was represented by counsel. We find that *Carolyn is collaterally estopped from relitigating the issue of paternity.*

■ We reach a different result, however, with respect to Veronica. While the issue of paternity was litigated in the 1975 divorce action which resulted in a judgment on the merits, Veronica was not a party to that action. In *S.___ v. S.___,* 595 S.W.2d 357 (Mo.App.1980) the court found that a finding on the issue of paternity in a prior divorce proceeding was not final and binding with respect to that child. The reviewing court found that a trial court commits reversible error when it fails to appoint a guardian ad litem to represent a child who is involved in a proceeding where his/her paternity is an issue. Only when the child's interests are represented at the prior proceeding will the doctrine of collateral estoppel bar him/her from relitigating the issue of paternity.

Veronica's interests were not represented in the 1975 divorce action brought by her mother. She did not have a full and fair opportunity to litigate the issue of paternity at that time. To deny Veronica the right to litigate the issue because of her mother's actions in the 1975 proceeding, is to deny her the possible right of inheritance and support to which she may be entitled. Veronica will bear the burden of proof on this issue.

In accordance with the findings above, we order our writ of prohibition with respect to the action brought by Carolyn Louise Williams to be permanent. The preliminary writ of prohibition in the action brought by Carolyn Louise Williams, as next friend of Veronica Williams is determined to be improvidently issued.

DOWD and KAROHL, JJ., concur.