STATE of Missouri, ex rel. Taryn MILLER, Minor, and Rita Miller, Individually and as Next Friend of Taryn Miller, Appellants,

v.

Edward MILLER, Respondent.

No. WD 47002.

Missouri Court of Appeals, Western District.

June 29, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 31, 1993.

Pamela L. Cone, Asst. Pros. Atty., Buchanan County, St. Joseph, for appellants.

Stanley I. Dale, St. Joseph, for respondent.

---

**154**

Before FENNER, P.J., and SPINDEN and SMART, JJ.

SPINDEN, Judge.

Rita Miller and her daughter Taryn appeal the trial court's dismissal of their petition for equitable relief from the court's judgment that Edward Miller was not Taryn's father. The trial court determined that they were collaterally estopped from bringing the action. We affirm.

On March 4, 1987, Rita Miller filed for a divorce from her husband, Edward Miller. In her petition, she stated, "[T]here was one child born during the marriage, to-wit: Taryn, born January 11, 1985, and that [Rita Miller] was pregnant with said child at the time of her marriage to [Edward Miller] by someone else, and [Edward Miller] is not the father of said child." On June 16, 1987, the trial court held a hearing on the petition for dissolution and appointed a guardian at litem for Taryn. The guardian was present at the hearing. After the hearing, the court decreed "that the minor child, Taryn Miller, is not a child of the marriage and [Edward Miller] has no responsibility therefor."

On July 31, 1992, Rita Miller and Taryn filed a petition with the trial court seeking a declaration that Edward Miller was Taryn's father and an order that he pay child support and reimburse Rita Miller for the necessities she had provided for Taryn. Edward Miller filed a motion to dismiss the petition, and, on September 15, 1992, the court granted the motion. The court found that Rita Miller and Taryn were collaterally estopped from bringing the paternity and support action.

Rita Miller and Taryn contend that the trial court erred in dismissing their petition because Taryn was not made a party to the dissolution action, and, therefore, collateral estoppel does not apply. We disagree.

The court determined the paternity issue in the divorce action. Although Taryn was not a party, the court-appointed guardian at litem was present at the dissolution hearing and represented Taryn's interest. When a child's interest is represented by a guardian at litem at a prior proceeding, collateral estoppel bars a child from relitigating the paternity issue. *Gipson v. Enright*, 753 S.W.2d 122, 124 (Mo.App.1988); *Sweany v. Meinecke*, 691 S.W.2d 368, 370 (Mo.App.1985).

Rita Miller and Taryn also contend that collateral estoppel does not bar their petition because no blood tests were performed to assist in the court's determination of paternity in the dissolution action. We know of no rule requiring a blood test for determination of a paternity issue. Certainly, a blood test can significantly aid in the court's determination of paternity, but it is not the only evidence which can establish paternity. The point is without merit.

All concur.