Edwin BUTLER, Appellant,

v.

Katherine H. BUTLER, n/k/a Katherine H. Collier, Respondent.

No. 68589.

Missouri Court of Appeals,
Eastern District,
Division One.

April 2, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 15, 1996.

Braun, Steward & Keefe, P.C., Allan F. Steward, Clayton, for Appellant.

Lacks & Collignon, P.C., David B. Lacks, St. Louis, and Michael A. Gross, St. Louis, for Respondent.

KAROHL, Judge.

Edwin V. Butler, (Father), appeals from order granting Katherine H. Butler, n/k/a Katherine H. Collier, (Mother), permission to remove their son from the state. He argues: 1) the court's order was not supported by the evidence and thus, a finding on the best interest of the child could not be made; 2) the court had no subject matter jurisdiction because custody was not before the court; and, 3) the court erred in modifying custody provisions as it had no evidence before it to support any change nor how such a change would serve the best interests of the child. We affirm.

The parties' marriage was dissolved in December, 1992. They had one son, born June 19, 1990. The court awarded primary physical custody to Mother, and joint legal custody to both parents. Father remarried his first wife. He is living with her and their two children, ages 10 and 12. Father is an attorney. Mother remarried in January, 1995. Her new husband, Virgil Collier, of Colum-

bia, Tennessee, has a son, age 7. Mr. Collier has custody of his son every weekend. The Colliers have bought a home in which each of their sons has his own room.

Mr. Collier is employed as a sales representative in Columbia, Tennessee. His income is sufficient to allow Mother to quit her employment as Acting Director of St. Louis County Department of Health.

■ Our review is controlled by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976):

[T]he decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is "against the weight of the evidence" with caution and with a firm belief that the decree or judgment is wrong.

■ Father presents three points on appeal. First, we address Father's second point, a jurisdictional issue. Father claims the court had no jurisdiction to modify custody provisions. He argues in the absence of a specific verified petition the issue of custody was not before the court. Father relies on *Craighead v. Craighead*, 710 S.W.2d 501 (Mo. App.1986). In *Craighead*, the Western District held an unverified custody motion was deficient and thus, the court lacked subject matter jurisdiction. *Id.* at 503. However, the Southern District rejected *Craighead*, in *Higgins v. Karger*, 753 S.W.2d 622 (Mo.App. 1988). It relied instead on *In re Marriage of Gohn*, 639 S.W.2d 413 (Mo.App.1982); from the Eastern District and *McCammon v. McCammon*, 680 S.W.2d 196 (Mo.App.1984) from the Western District. *Gohn* (1982) and *McCammon* (1984) were decided before *Craighead* (1986) and *Higgins* (1988). *Gohn* held:

Section 452.450 RSMo 1978 specifically sets forth the necessary requirements for jurisdiction under the Act. It provides in part:

"Jurisdiction–1. A court of this state which is competent to decide child custody

matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) this state:

    (a) is the home state of the child at the time of commencement of the proceeding, or . . .

         \*      \*      \*      \*      \*      \*

    Section 452.450 sets forth certain jurisdictional requirements. . . . Jurisdiction attaches when the requirements of § 452.450 are met."

*In re Marriage of Gohn,* 639 S.W.2d at 414. *McCammon,* held § 452.450 rather than a verified petition conferred jurisdiction. *McCammon,* 680 S.W.2d at 201.

Following *Gohn* and *McCammon, Higgins* held:

    Section 452.450 (the statute setting forth the conditions that must exist for a Missouri court to have jurisdiction to make a child custody determination) does not mention § 452.455 or any other statute, nor does it state, explicitly or implicitly, that any other requirements must be met in order to vest jurisdiction.

    Section 452.455, while undeniably requiring verification of a petition for modification filed under §§ 452.410 or 452.440–.450, does not state, explicitly or implicitly, that verification is necessary to vest the court with jurisdiction to make a child custody determination.

*Higgins v. Karger,* 753 S.W.2d at 626. Similarly, *In re Adoption of JPS,* 876 S.W.2d 762 (Mo.App.S.D.1994) held, "On the authority of *Higgins, McCammon, Gohn* . . . we hold that, . . . subject matter jurisdiction is governed solely by § 452.450 and not by § 452.455.2." Because Missouri was the home state of the parties' son when the custody proceeding commenced, the court had subject matter jurisdiction to modify custody. Point Two denied.

    In his first point, Father claims the court erred by granting Mother permission to remove son from the state as the ruling was not supported by the evidence and thus the court could not determine the best interests of the child. Father's third point claims error in the modification of custody provisions, because no evidence supported the change nor how the change would serve the best interests of the child. These points are essentially identical.

This issue was addressed in *Michel v. Michel,* 834 S.W.2d 773, 778 (Mo.App.S.D.1992):

    Suffice it to say that where the custodial parent, who has exercised the right of custody and control in a manner conducive to the welfare and development of the children, demonstrates a need to move from the state in order to achieve employment and financial betterment which will subserve the best interest of the children, judicial permission to remove the children is warranted.

In *Riley v. Riley,* 904 S.W.2d 272, 276 (Mo.App.E.D.1995), this court found:

    In our highly mobile society, it is unrealistic to inflexibly confine a custodial parent to a fixed geographical area, if removal to another area for reasons such as change of employment, remarriage, etc., is consistent with the best interest of the minor children. This court has recognized and applied four factors as "particularly relevant in determining the propriety of a relocation by a custody parent." . . .

(1) *The prospective advantage of the move in improving the general quality of life for the custodial parent and child.*

        \*      \*      \*      \*      \*      \*

(2) *The integrity of the custodial parent's motives in relocating.*

        \*      \*      \*      \*      \*      \*

(3) *The integrity of the non-custodial parent's motives for opposing relocation and the extent to which it is intended to secure a financial advantage with respect to continuing child support.*

        \*      \*      \*      \*      \*      \*

(4) *Whether there is a realistic opportunity for visitation which can provide an adequate basis for preserving and fostering the non-custodial parent's relationship with the child if relocation is permitted.* (Citations Omitted).

We review the evidence in light of the four factors. First, will the move be advantageous in improving the life of the custodial parent and child? Mother testified she and son have lived several places in the last few years, since the break-up of the family. At the time of the hearing, Mother and son lived

with her mother. Mother and new husband have purchased a home situated on several acres. They plan to keep horses. Son has his own room. Also Mother has worked full-time since the dissolution. Since her new husband's income is sufficient to support her new family, she plans to remain at home with the children. They will have a permanent residence and Mother will no longer need to divide her time between her work for wages and her son. This evidence would support a finding the move would be advantageous to Mother and son. Second, what are the custodial parent's motive in relocating? Mother testified she married Mr. Collier whose employment is in Columbia, Tennessee. She desires to move to Tennessee to live with him in their home. Father presented no evidence to support a finding of any improper motive on Mother's part. Third, what are Father's motives in opposing the move, especially in terms of Father's interest in gaining a financial advantage with respect to child support. There was no evidence presented to suggest Father is motivated by financial gain in his opposition to the move. In the dissolution decree, the parents shared monthly expenses and Father gave Mother $50 per month. Child support was not addressed at this hearing. Thus, financial gain by Father was not an issue. Finally, is there a realistic opportunity for visitation which can provide an adequate basis for preserving and fostering Father's relationship with the child. There was evidence to support a finding Mother valued son's relationship with his father; had supported that relationship in the past; and would continue to support and promote son's relationship with Father. Although the distance involved will require greater effort by both parents, the modification of custody provides a realistic opportunity for preserving and fostering Father's relationship with son. We find the court's order to be supported by the evidence. Points I and III denied.

Affirmed.

REINHARD, P.J., and CRANDALL, J., concur.